844 P.2d 706

**Benjamin David IVEY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19644.**

Supreme Court of Idaho,
Boise, November 1992 Term.

Dec. 31, 1992.

Rehearing Denied Jan. 27, 1993.

See also 123 Idaho 74, 844 P.2d 703.

---

G. Lamarr Kofoed, Fruitland, for petitioner-appellant.

Larry EchoHawk, Atty. Gen. and Lynn E. Thomas, Deputy Atty. Gen., argued, Boise, for respondent.

McDEVITT, Justice.

## STATEMENT OF THE CASE

On May 20, 1991, the petitioner, Benjamin David Ivey, was sentenced to death by the district court for the first degree murder of Marlene Friesen. Immediately following sentence, the public defender, Mr. Van Bishop, filed a petition for post-conviction relief on behalf of petitioner. The trial court subsequently appointed Lamarr Kofoed to represent Ivey on the petition, because the basis of the petition was a claim of ineffective assistance of counsel. Mr. Kofoed filed an amended petition on August 1, 1991. The State's response, filed August 23, 1991, denied all allegations and requested summary dismissal of the petition, emphasizing the lack of any factual

support. On August 28, 1991, the trial court petitioned this Court for an extension of time in order to dispose of the post-conviction proceedings. Ivey then filed a supporting affidavit setting out with some specificity what he intended to prove at the hearing to demonstrate the lack of proper representation at trial. Ivey alleges that the public defender, Mr. Bishop, failed to effectively represent petitioner's interest in his preparation for, and his conduct at trial. Specifically, petitioner asserts that Mr. Bishop failed to vigorously cross-examine the State's witnesses, allowed perjured testimony to go unchallenged, intentionally refused to use available rebuttal evidence and witnesses, and failed to vigorously investigate evidence that may have led to the true murderer. Moreover, the petitioner contends that Mr. Bishop went against his wishes, attempting to portray him as having a mental defect at the sentencing hearing. Mr. Bishop filed a supporting affidavit concerning his representation of Ivey. All of Ivey's contentions relating to trial counsel's performance are answered by Mr. Bishop's affidavit, explaining that each act complained of related to a strategic judgment about the validity of evidence or the credibility of witnesses. Bishop also asserted that he had avoided extensive cross-examination of a certain witness because he did not wish to develop information damaging to petitioner's case. Furthermore, Bishop elected not to call the "available defense witnesses" after determining that their testimony would not be favorable to petitioner. Bishop's investigation of petitioner's alibi witnesses revealed that they would not testify as Ivey claimed. Shortly after the affidavits were filed, petitioner requested a hearing on his petition. The court responded by an order of dismissal filed October 21, 1991, holding that petitioner had not made the showing required by *Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982).[1]

Petitioner entreats this Court to vacate the conviction and sentence, and to grant a new trial with newly appointed defense counsel.

## I.

### STANDARD OF REVIEW

A petition for post-conviction relief is in the nature of a civil proceeding, entirely new and distinct from the underlying criminal action. *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991). Idaho Code § 19-4906(c) governs the situation in which summary disposition of a petition for post-conviction relief is appropriate.[2] In *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991), this Court read section (b) as *requiring* the court to notify of its intent to dismiss under the facts of that case. Failure to notify the petitioner of the court's intent to dismiss required that an order dismissing the petition be reversed. *Peltier*, 119 Idaho at 456–57, 808 P.2d at 375–76. However, where a party moves to dismiss the petition without a hearing, the 20–day notice is not required. *See State v. Christensen*, 102 Idaho 487, 488, 632 P.2d 676, 677

---

1. Specifically, the trial court stated that, in order to justify an evidentiary hearing:

    [I]t is incumbent upon the applicant to tender a factual showing based upon evidence that would be admissible at the hearing. His application must be supported by written statements from witnesses who are able to give testimony themselves as to facts within their knowledge, or must be based upon otherwise verifiable information. Absent the witnesses or verifiability of the facts to which they could testify, ... the application fails to raise material issues of facts sufficient to justify an evidentiary hearing.

    (citing *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982)). *See also Paradis v. State*, 110 Idaho 534, 716 P.2d 1306 (1986).

2. I.C. § 19-4906(c) states:

    The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

    I.C. § 19-4906(b) states that

    when a court is satisfied on the basis of the application, answer and record, that the applicant is not entitled to post-conviction relief ... it may indicate to the parties its intention to dismiss the application and its reason for doing so. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

**80**

(1981) (section (b) governs only those situations where the trial court *on its own initiative* determines to dismiss the petition).

█ In order to warrant a hearing for a petition for post-conviction relief based on a claim of ineffective assistance of counsel, a claimant must first show that a material issue of fact exists as to whether counsel's performance was deficient. Second, a claimant must show that a material issue of fact exists as to whether this deficient performance prejudiced his case. *Parrott v. State*, 117 Idaho 272, 275, 787 P.2d 258, 261 (1990), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Charboneau*, 116 Idaho 129, 137, 774 P.2d 299, 307 (1989); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Estes v. State*, 111 Idaho 430, 725 P.2d 135 (1986).

█ In determining whether a summary disposition motion is properly granted, a court must review facts in a light most favorable to petitioner, and determine whether such facts would entitle relief if accepted as true. While this requires that the petitioner's unrebutted factual assertions be accepted as true, a court is not required to accept petitioner's conclusions. *Parrott*, 117 Idaho at 274, 787 P.2d at 260; *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Kraft v. State*, 100 Idaho 671, 603 P.2d 1005 (1979). The standard to be applied to a trial court's determination that no material issue of fact exists is the same type of determination in a summary judgment proceeding. *See State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981); *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1986). We review the trial court's legal determination that the moving party is entitled to judgment as a matter of law under a correction of error standard, showing no particular deference. *Anderson*, 112 Idaho at 179–80, 731 P.2d at 174.

## II.

### EFFECTIVE ASSISTANCE OF COUNSEL

█ An accused in a criminal proceeding is guaranteed effective assistance of counsel. *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988). To establish deficient assistance, the burden is on the petitioner to show that his attorney's conduct fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. This objective standard embraces a strong presumption that trial counsel was competent and diligent. *Charboneau*, 116 Idaho at 137, 774 P.2d at 307; *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Estes v. State*, 111 Idaho 430, 725 P.2d 135 (1986). Moreover, according to statute and case law, petitioner must not only put competency into issue, he must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better.

█ Petitioner refers to a number of claimed failings, all of which assert a lack of adequate preparation on the part of Mr. Bishop. However, petitioner must support his allegations by affidavit or equally reliable evidence. Such affidavit must in turn satisfy Rule 56(e) of the Idaho Rules of Civil Procedure, which requires the affidavit to be made on personal knowledge setting forth facts that would be admissible at trial. *Hecla Mining Co. v. Star–Morning Mining Co.*, 122 Idaho 778, 839 P.2d 1192 (1992); *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 837 P.2d 805 (1992); *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979). Petitioner's affidavit does not satisfy Rule 56(e), as it is based on hearsay and is conclusory. Specifically, petitioner's affidavit alleges, but does not support with personal knowledge, that Bishop permitted perjured testimony, and that Bishop failed to adequately investigate by refusing to contact certain allegedly exculpatory defense witnesses. These bare insinuations can only be the product of hearsay, as defendant has been incarcer-

ated since indictment and cannot possibly have personal knowledge of Bishop's conduct. Petitioner offers no other evidence to support his claims. Thus, petitioner does not overcome the strong presumption in favor of competency to create a genuine factual issue. Moreover, even if one accepts petitioner's allegations of deficiencies as true, there is no showing that, had counsel acted in accord with petitioner's wishes, it would have produced a different result at trial. Conversely, Mr. Bishop's affidavit, based on his own knowledge and experience, explains and justifies the particular trial strategy he chose to pursue, including the investigation and interviews of every witness named by petitioner and the rationale for calling or not calling them, the very trial strategy this Court has vowed not to second-guess. *State v. Larkin*, 102 Idaho 231, 628 P.2d 1065 (1981).

The trial court properly dismissed the petition for post-conviction relief based on ineffective assistance of counsel without an evidentiary hearing.

BAKES, C.J., and JOHNSON and TROUT, JJ., concur.

BISTLINE, Justice, dissenting.

An accused person has a constitutional right to assistance of counsel. U.S. Const. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963). "This right is fundamental and is not a luxury." *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990) citing *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The right to counsel necessarily includes the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 837, 25 L.Ed.2d 763 (1970).

The district court dismissed Ivey's petition without an evidentiary hearing pursuant to I.C. § 19-4906(c). That statute reads:

> The court may grant a motion by either party for summary disposition of an application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Like a summary judgment motion, all facts and inferences reasonably drawn from the facts must be construed in favor of the applicant. *Matthews v. State*, 122 Idaho 801, 839 P.2d 1215 (1992); *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). Until allegations in a post-conviction petition are controverted they are deemed to be true. *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). The issue on appeal from a dismissal is whether the petition alleges facts which, if true, would entitle the petitioner to relief. *Smith v. State*, 94 Idaho 469, 472, 491 P.2d 733, 736 (1971).

Ivey made the following allegations in his petition:

(A.) My Public Defender failed to properly represent me at all stages of my criminal proceedings, as follows:

(1.) He allowed State Witnesses to provide perjured testimony, without proper cross-examination or use of rebuttal evidence and witnesses, which were available to him and known to him.

(2.) He allowed the prosecutor, who well knew of perjured testimony by State Witnesses, to knowingly submit it. The prosecutor failed to provide proper discovery disclosure to me and my counsel.

(3.) He failed to subpoena and call exculpatory defense witnesses which were known to him, including my wife.

(4.) He failed to follow up on information that would have identified the true murderer and his vehicle, and he failed to get a voice analysis of a telephone message left by the true murderer.

(5.) An essential defense witness who could have and should have been subpoena by interstate process, from Detroit, Michigan was not subpoenaed.

(6.) Available defense witnesses were not called to testify as to my alibi, my demeanor at the subject time, my lack of blood stains, my lack of motive, and my non-violent history. The victim's diary

was not produced, which would have shown an amicable relationship with the victim.

(7.) My public defender promised strong and vigorous cross-examination of State's witnesses Michael Angel and Cameron Lane, but failed to do so.

R. 11–12.[3] The prosecuting attorney then filed an affidavit from Van Bishop, the public defender, which disputed each of the allegations above. In response, Ivey filed an affidavit alleging more specific facts.[4] To my mind, the allegations made by Ivey raise an issue of material fact as to whether Bishop provided effective assistance of counsel. Therefore, I believe the dismissal of the petition was improper under *Matthews*.

The majority dismisses the allegations made in Ivey's affidavit because they allegedly fail to comply with "Rule 56(e) of the Idaho Rules of Civil Procedure, which requires the affidavit to be made on personal knowledge setting forth facts that would be admissible at trial." At 80, 844 P.2d at 709. This logic would be sound except for the fact that I.R.C.P. 56(e) does not apply in this case. Rule 56(e) applies to affidavits filed in support of or in opposition to summary judgment pursuant to I.R.C.P. 56(a)–(b). No such motion was filed in this case. The motion filed by the State was pursuant to I.C. § 19–4906(c). That statute does not contain the requirements for affidavits found in I.R.C.P. 56(e).[5] It appears the legislature decided to not require petitioner's affidavits in opposition to a I.C. § 19–4906 dismissal to meet the high standards of I.R.C.P. 56(e), and I object to the Court's attempt to engraft such a rule onto the statutory procedure. In all likelihood, the legislature recognized it would be extremely difficult for petitioners, who may be incarcerated and without the assistance of counsel, to gather affidavits from potentially far flung witnesses, given their circumstances and lack of means.

Even assuming Rule 56(e) applies to a petition for post-conviction relief, it is just as likely as not that the allegations in Ivey's petition are made from personal knowledge. The majority is wrong in declaring that Ivey's allegations "can *only* be the product of hearsay, as defendant has been incarcerated since indictment and *cannot possibly* have personal knowledge of Bishop's conduct" (emphasis added). A close reading of Ivey's petition belies the majority's curiously summary contention. The facts contained in allegations 1, 6, and 7 occurred (or failed to occur) during the trial, when Ivey presumably was present. Ivey could easily have ascertained the facts underlying allegations 2, 3, 4, and 5 by speaking to Bishop. For instance, as to allegation 3, even from jail Ivey could have asked Bishop whether Bishop had subpoenaed Ivey's wife, and Ivey certainly would have personal knowledge as to whether she was called to testify at trial. If Ivey ascertained this information from Bishop, it would not be hearsay, pursuant to I.R.E. 801(d)(2). The point here is not to determine under which hearsay exception such a statement would fall. The point is to show that whether the evidence is admissible is somewhat conjectural, thus rendering even more necessary an evidentiary hearing. Furthermore, since, as stated above, a court must view the evidence in the light most favorable to the petitioner, it would

---

**3.** Ivey goes on to allege that he was deprived the right to effective assistance of counsel at sentencing. This Court agrees with Ivey's allegation in this regard, as we have recently vacated his death sentence for the same reasons he alleged in his petition. *State v. Ivey,* 123 Idaho 74, 844 P.2d 703 (1992).

**4.** Ivey's affidavit also alleged, in rebutting Bishop's affidavit, that Bishop did not allow him to testify on his own behalf, even though Ivey repeatedly requested that he be allowed to do so. If true, this could entitle Ivey to relief, since defendants have a right to testify at trial. *See*

*Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).

**5.** Perhaps the majority is confused because of our cases which hold that a motion to dismiss a petition for post-conviction relief is *similar* to a motion for summary judgment in that all facts must be construed in the light most favorable to the non-moving party. *See e.g. Matthews,* 122 Idaho at 807, 839 P.2d at 1221 (1992). We have never held, however, that the rules governing summary judgment apply to petitions for post-conviction relief.

seem that a court must also view the preliminary facts concerning the admissibility of evidence in the same light. Hence, the trial court should have erred on the side of assuming, for purposes of petition dismissal proceedings, that Ivey's allegations were made from personal knowledge.

As noted above and in the majority opinion, the facts in this case must be read in the light most favorable to the petitioner, Ivey. The majority contradicts this statement, however, when it places a "strong presumption in favor of competency" upon Ivey at this stage in the proceedings. We should not apply the *Strickland* presumption, which involves weighing the evidence, until an evidentiary hearing has occurred. What the majority is really doing by applying the presumption at this stage is weighing the evidence by balancing Ivey's allegations of incompetency against Bishop's defense of competency. The majority's statement, that while a court must accept petitioner's "unrebutted allegations" as true, it need not accept petitioner's "conclusions," might be seen as no more than a sleight of hand. A court must accept *rebutted* allegations in the light most favorable to petitioner as well. In short, whether Bishop's alleged failings prejudiced Ivey is a question of fact. Ivey has alleged such failings and resulting prejudice. The court must accept that allegation in the light most favorable to Ivey.

It is also instructive to turn to I.R.C.P. 1(a), since the Idaho Rules of Civil Procedure generally apply to post-conviction proceedings. *State v. Goodrich*, 104 Idaho 469, 660 P.2d 934 (1983). Rule 1(a) proclaims of the I.R.C.P. that, "These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding."

I doubt strongly that the majority's disposition of this case is just. Although a petition for post-conviction relief is civil in nature, *see State v. Goodrich*, above, it cannot be denied that there is a criminal law aspect as well; by its very nature, the petition addresses alleged error in a criminal proceeding and alleges an illegal infringement upon petitioner's liberty. Since the precious value of liberty is involved, this Court should be very cautious in condoning the disposal of these actions in their initial stage on technicalities.