844 P.2d 703

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Benjamin David IVEY, Defendant–Appellant.**

**No. 19328.**

Supreme Court of Idaho, Boise, November 1992 Term.

Dec. 31, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Lynn E. Thomas, Deputy Atty. Gen., argued, Boise, for respondent.

## STATEMENT OF THE CASE

McDEVITT, Justice.

Appellant Benjamin David Ivey was tried by a jury and convicted of the first degree murder of Marlene Friesen. Subsequently, a somewhat confusing series of events occurred. Appellant wrote a letter to the trial court in the form of a petition requesting a stay of the sentencing proceeding in order that appellant could procure evidence for an evidentiary hearing on a motion for mistrial and obtain new counsel, and to terminate present counsel. The petition commences with a prayer for time to cultivate evidence for a hearing on a motion for mistrial (presumably to follow) based on attorney misconduct. The petition concludes by requesting a stay until "such time as Alternate Counsel can be arranged and these matters can be resolved to the satisfaction of the law." Appellant immediately followed this petition with another handwritten petition to terminate present counsel, charging perjury, suppression of exculpatory evidence, and ineffective assistance of counsel. The petition stated that "this petition shall additionally serve as notice of intent to represent myself until such time as this matter is resolved and/or Alternate Counsel is arranged." The State answered with a motion to produce or show cause.

The trial court was understandably confused as to exactly what the appellant wanted, and attempted to secure enlightenment at a hearing on the State's motion. At this hearing, the trial court attempted to discern whether appellant wanted *pro se* representation, new counsel appointed, or to procure his own new counsel. Upon appellant's assurance that he would know the answer by April 26, 1991, the trial court instructed appellant to inform it of his success in obtaining new counsel, and advised that it would await any ruling on appellant's motions until appellant settled his representation problem. The court further stated that it was not prepared to rule on appellant's allegations of impropriety on the part of counsel until a determination was made on the matter of attorneys. Finally, the trial court stated that it would make a ruling on appellant's motion to substitute counsel *before* it had any sentencing.

The next record entry is a May 13, 1991 notice of hearing for sentencing set for May 20, 1991. No mention of appellant's motions is made. On May 14, 1991, the State filed a notice of intent to seek the death penalty. Appellant made no further communication to the trial court, neither concerning his success in acquiring new counsel or seeking alternate counsel, nor concerning proof of his allegations of conspiracy and production of perjured testimony on the part of Van G. Bishop, appellant's attorney. At the commencement of the hearing, the court asked the appellant whether he had any lawful cause to show why the court should not proceed with sentencing. The appellant did not reply, and his attorney, Van G. Bishop, apprised the court of a letter he had received from appellant instructing him to cease and desist all representation. The appellant did not renew his request for a new hearing.

Upon assuring itself that Ivey was fully intent on, and understood the consequences of, preventing Mr. Bishop from advocating appellant's position at the hearing, the trial

court entertained the State's presentation of aggravating circumstances, and persistently yet vainly strove to elicit mitigating evidence from appellant. At the conclusion of the sentencing hearing, the trial court made findings concerning aggravation and mitigation pursuant to I.C. § 19–2515(g) and sentenced Ivey to death. Mr. Bishop, who informed the court during the sentencing hearing that he was prepared to tender mitigating evidence in the form of expert psychological observation and opinion, made a proffer of such evidence on the record following sentencing. Mr. Bishop also immediately filed a petition for post-conviction relief on the ground that appellant was denied effective assistance of counsel at trial, in which Bishop requested the trial court to appoint new counsel to represent appellant in his post-conviction issues. On June 3, 1991, pursuant to the petition for post-conviction relief, the trial court appointed Lamarr Kofoed to represent appellant on those issues. On June 28, 1991, Bishop filed an appeal of the first degree murder conviction to this Court on behalf of appellant. On August 1, 1991, appellant petitioned this Court to order the trial court to appoint alternate counsel to represent him in all appellate proceedings, and Lamarr Kofoed filed an amended petition for post-conviction relief. The amended petition was answered in a timely manner on August 23, 1991.

On August 28, 1991, the trial court filed a motion in this Court for extension of time in order to dispose of the post-conviction proceeding. Mr. Bishop filed an affidavit on August 30, 1991, detailing the tactics, strategy, and goals of his representation of Ivey. Appellant filed a similar affidavit on September 20, 1991, attempting to outline the basis for his claims of attorney incompetency, conspiracy and wrongdoing. The petition for post-conviction relief was dismissed October 18, 1991. Appellant appealed both the sentencing and the post-conviction petition dispositions. This Court addresses the petition for post-conviction relief in a separate opinion. *Ivey v. State*, 123 Idaho 77, 844 P.2d 706 (1992).

The issues before this Court include,

I. Whether the defendant was deprived of his sixth amendment right to counsel at the sentencing hearing.

II. Whether the trial court erred in its disposition of aggravating and mitigating evidence.

III. Whether the State gave timely notice of its intent to seek the death penalty.

IV. Whether the trial court's findings surrounding the enumerated aggravating circumstances found to exist beyond a reasonable doubt pass constitutional muster.

V. Whether the imposition of the death penalty was just, unprejudiced, supported by the facts, and proportional according to I.C. § 19–2827.

## I.

## REPRESENTATION AT THE SENTENCING HEARING

Appellant was denied his right to effective assistance of counsel at the sentencing hearing. After appellant voiced his desire to terminate his counsel following conviction, the trial court advised the appellant at the April 17th hearing on the issue that it would await sentencing until the matter of new counsel was resolved. Specifically, when appellant indicated that he would not know until April 26th whether he would be requesting the court to appoint new counsel, the court stated that "I will ... make a ruling on your motion to substitute counsel, if that's what it turns out to be—before I have any sentencing."

Based upon this exchange, it was clearly incumbent upon the trial court to address and resolve appellant's pending motions before proceeding to the substantive matters of sentencing. Indeed, when asked whether there was any lawful cause not to proceed with sentencing, Mr. Bishop responded by revealing a letter from appellant to Bishop ordering Bishop to cease and desist representation, thus prompting the court to reconcile the issue of representation. Nonetheless, Mr. Bishop's supplication for deliverance from the confusion went unanswered. The trial court did not rule on the motions it had reserved for presentence resolution, despite Mr. Bishop's dilemma

and appellant's assurance that he did not feel qualified to appear *pro se*. As a result, the trial court left Mr. Bishop unclear as to his status at the sentencing hearing, prepared to present mitigating evidence, yet frustrated in its fruition, and appellant effectively was denied assistance of counsel. The trial court should have resolved the issue of representation prior to sentencing by denying the request for new counsel and directing counsel to proceed; continuing the matter for a determination of the issue; or explaining the risks of proceeding pro se to the defendant, and then if the court determined that the defendant fully understood those risks and the effect of such a decision, permitting the defendant to proceed pro se.[1]

The sentence is accordingly vacated and the case remanded for sentencing consistent with this opinion. The foregoing discussion renders unnecessary treatment of the remaining issues at this time.

BAKES, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.

1. The holding of this case is based on the lack of a ruling by the trial court on pending motions concerning newly retained counsel or different appointed counsel. In ruling on the pending motion concerning representation, the trial court should respect the principles espoused in *State v. Brown*, 98 Idaho 209, 560 P.2d 880 (1977). In *Brown*, the defendant told the trial court at the sentencing hearing that he no longer wished to be represented by the public defender, but instead wished the court to appoint new counsel. The trial court informed Brown that it intended to sentence that day with or without counsel. Brown allowed his counsel to withdraw, and was sentenced. This Court remanded the case for a new sentencing hearing, stating the trial court violated Brown's right to counsel:

"[I]n the absence of a knowing, intelligent and voluntary waiver of the right to counsel, the district court may not proceed with the sentencing hearing when the defendant is not represented by counsel without some evidence or finding that the defendant has discharged his counsel in order to delay or hinder the judicial process."

*Brown*, 98 Idaho at 212, 560 P.2d at 883.

However, *Brown* must also be balanced against *State v. Pizutto*, 119 Idaho 742, 765, 810 P.2d 680, 703 (1991), in which this Court held that where a defendant is provided with an attorney at public expense, the issue of new counsel is a matter committed to the sound discretion of the trial court.