IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39944

| | | |
|---|---|---|
| **ROBERT T. EBERLEY,** | ) | **2013 Unpublished Opinion No. 660** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 5, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Summary dismissal of action for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Robert T. Eberley appeals the summary dismissal of his petition for post-conviction relief after he was convicted on a guilty plea of robbery.  We affirm the judgment dismissing his petition.

## I.

## BACKGROUND

In February 2009, Eberley and two companions were visiting the Kuna Caves in the southern part of Ada County.  Although the Court has not been presented a detailed account of what occurred at the caves, it is apparent that Eberley and his two companions were alleged to have forcibly robbed four youths who were also visiting the caves.  According to the victims and Eberley's companions, during the encounter Eberley struck one of the victims in the head with a rock, stepped on that victim's back as he was lying on the ground, and told the victim to pull down his pants so that Eberley could rape him.  Eberley and his companions were apprehended

1

shortly after the incident and charged with four counts of robbery, Idaho Code §§ 18-6501, 18-6502, and 18-204. A short time later, Eberley agreed to plead guilty to one count of robbery. In return, the State agreed to dismiss the remaining three counts.

At the plea hearing, before accepting the guilty plea, the district court asked a number of questions to ensure that Eberley was entering the plea of his own will and to ensure that he understood the nature of the plea agreement. The court also asked if the defense had received sufficient discovery in the matter, to which defense counsel responded affirmatively. Finally, the court questioned Eberley about the factual basis of the charges. In response, Eberley recounted to the court, under oath, what had happened at the caves. Eberley told the court that he had held one of the victims down while the robbery was taking place by placing his foot in the middle of the victim's back. After hearing Eberley's account of the events, the prosecutor simply noted that "the [S]tate has a slightly different understanding of the facts. We'll present that more fully at sentencing for the court."

At the subsequent sentencing hearing, the State argued that the facts of the case were more egregious than Eberley's account at the plea hearing. The State argued that in addition to placing his foot on the victim's back, Eberley also hit that victim in the head with a rock and threatened to rape him.

Eberley disputed the State's version of events, and claimed that the other defendants' statements were self-serving and attributed to Eberley actions that were in fact committed by the other defendants. Eberley first claimed that he never hit the victim with a rock and directed the court to Detective Barker's police report. According to the report:

> [Detective Barker] looked at the scalp and verified the location of the strike by touching the victim's head. [The victim] told [Barker] he felt a bump on his head. [Barker] felt the victim's head and felt no bump. [Barker] looked closely at the scalp around the area identified as the strike point and was not able to see any abrasions or other marks. Neither did [Barker] observe any swelling or redness to the area.

The report also notes that Detective Barker photographed that area on the victim's head, but this photo was not provided to the court.

Eberley also denied threatening to rape the victim. Instead, Eberley claimed that the remark was made in a jovial manner prior to the robbery as the group of victims and Eberley's

2

companions were climbing down into the cave together.  The court, however, was unconvinced, and told Eberley:

> I've had the benefit of reading all three presentence reports and having the benefit of the statements of all the defendants in this case, as well as the statements of the victims in this case. . . . [T]he others [are] consistent in the fact that you had [the victim] down on the ground, had your foot on his back, told him to take his pants off, that you were going to rape him.  You're saying something different today, but that's inconsistent with the great weight of the evidence offered by other individuals, so I believe that that's what happened.

The court then pronounced a unified life sentence with twenty years determinate.

Shortly after announcing Eberley's sentence, the court realized that in sentencing him, the court had relied on the statements of the other defendants contained in their presentence investigation reports (PSIs), which Eberley had not seen.  The court reconvened the hearing and, after receiving the other defendants' permission, amended Eberley's PSI to include the other defendants' statements, and gave him an opportunity to read them.  The court then gave Eberley and his counsel an opportunity to address the statements.  Eberley told the court that he had not threatened to rape the victim, and that the other defendants had concocted the story while incarcerated together awaiting trial.  Eberley's counsel objected generally, but conceded that it was proper for the court to consider the statements of other defendants at sentencing.  The court then confirmed the previously-imposed sentence.  Thereafter, Eberley filed a Rule 35 motion to reduce his sentence, which was denied.  On direct appeal, this Court affirmed Eberley's sentence in an unpublished opinion, *State v. Eberley*, Docket No. 36747 (Ct. App. Jan. 20, 2010).

Eberley then filed a pro se petition for post-conviction relief asserting, *inter alia*, that the trial court erred in relying on the PSI statements of the other defendants, that the State withheld evidence, and that Eberley's counsel was ineffective.  The State filed an answer and motion for summary dismissal of Eberley's petition.  After a hearing on the State's motion, the court dismissed the petition.  Addressing each issue in turn, the court held that Eberley had failed to present a genuine issue of material fact.  Eberley appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure.  I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008).  *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642,

646 (2008).  Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based.  *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).  A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1).  *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628.  The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included.  I.C. § 19-4903.  In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal.  *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  I.C. § 19-4906(c).  When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law.  *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.  Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence.  *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).  Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them.  *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

4

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

On appeal, Eberley asserts that summary dismissal of his post-conviction petition was error because he made a prima facie showing that the district court erred in its handling of the PSI statements, that his counsel coerced him into pleading guilty, that Eberley was denied discovery, and that his counsel was ineffective for failing to file a motion for withdrawal of Eberley's guilty plea.

## A.     District Court's Reliance on other Defendants' PSI Reports

Eberley's first claim is that the district court erred when it relied on the other defendants' PSI statements in sentencing Eberley.  Eberley argues that this was impermissible because Eberley was not given sufficient time to properly challenge those statements.

We first note that this is a claim of error committed by the trial court which could have been raised in Eberley's appeal from his judgment of conviction.  Generally, an application for post-conviction relief is not a substitute for an appeal, and a claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings.  I.C. § 19-4901(b); *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989).  We do not rest our decision on this basis, however, because Eberley was not given notice of this ground for dismissal of the claim by the State's motion for summary dismissal.

The State's motion asserted that this claim should be summarily dismissed because the court did not err in his sentencing proceedings or, if it did, Eberley did not show any prejudice.  We agree.  Immediately upon realizing that the court had considered information from the co-defendants' PSIs that had not been available to Eberley, the court called Eberley back and resumed the sentencing hearing, giving him an opportunity to review the new information and comment upon or rebut it.  Eberley's counsel objected to the court's consideration of the other co-defendants' PSIs, and the defense presented responsive information.  Although Eberley complains that he should have had more time to review and respond to the co-defendants' statements, his post-conviction petition does not allege any different information that he could have supplied the court at the sentencing hearing had he been given more time.  Therefore, he has shown no prejudice arising from this irregularity in the sentencing proceeding.

## B.     Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992).  To prevail on an ineffective assistance of counsel claim, the defendant must

6

show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). Moreover, "[t]he constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better." *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992).

### 1.     Coercion to plead guilty

Eberley asserts that he was coerced by his counsel into entering a guilty plea. According to Eberley's argument, Eberley was coerced when counsel assured him that he would receive a sentence of five years fixed plus five years indeterminate. However, as the district court observed, Eberley's assertion is disproven by the record. Before pleading guilty, Eberley was provided a plea questionnaire to ensure that he understood the nature of his plea and to disclose any promises upon which he was relying. On the questionnaire, Eberley answered, "No" to an inquiry whether any promises had been made to him which influenced his decision to plead guilty, and his answers did not state any agreement with respect to the sentence. The district court also questioned Eberley to ensure that he understood the nature of his plea and that he could receive up to the maximum sentence.

> [STATE]: Judge, the only agreement we have is that he will be pleading guilty to one count of robbery. The remaining counts will be dismissed. . . . It is open sentencing. The State's free to ask for up to the maximum.
> [COURT]: All right, thank you.
> Mr. Eberley, is that your understanding of the plea agreement?
> [DEFENDANT]: Yes, ma'am.
> [COURT]  All right, thank you. And have any other promises been made to you beyond what's been told to me today?
> [DEFENDANT]  No, ma'am.

7

[COURT]  Thank you.  Is the plea agreement acceptable to you?

[DEFENDANT]  Yes, ma'am.

[COURT]  And do you understand you're not required to accept the plea agreement?

[DEFENDANT]  Yes, ma'am.

[COURT]  All right, thank you.  And you understand the sentence is open. What that means is you could receive a sentence up to--from 5 years to life imprisonment and up to a $50,000 fine.  Do you understand that?

[DEFENDANT]  Yes, ma'am.

This Court has held that post-conviction allegations will not merit relief when they are clearly disproven by the record.  *Cootz*, 129 Idaho at 368, 924 P.2d at 630.  Because Eberley's claims are directly contradicted by his answers on the questionnaire and his sworn testimony given at the change of plea hearing, we conclude that they do not create a genuine issue of material fact meriting an evidentiary hearing.

### 2. Failure to give Eberley a transcript of his telephone conversations while in jail

Eberley next claims that he was not provided complete discovery because his lawyer did not provide him a transcript of phone calls that he made while he was incarcerated.  In response, the State asserts that such transcripts never existed.

Again, we agree with the State.  Eberley has not provided any evidence that such transcripts ever existed.  Indeed, his own petition alleges that his attorney told him that they do not exist.  Eberley has not shown that his attorney was deficient for failing to provide Eberley documents that do not exist.  Thus, the district court did not err in dismissing this portion of Eberley's petition.

### 3. Failure to move to withdraw plea

Eberley next argues that his defense attorney was ineffective for failure to file a motion to withdraw Eberley's guilty plea when Eberley allegedly asked him to do so at the sentencing hearing.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance.  *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996).  Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if

8

pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.*

Motions to withdraw guilty pleas are governed by I.C.R. 33(c) which provides:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

When the motion is made before pronouncement of sentence, such discretion should be liberally exercised. *State v. Hanslovan*, 147 Idaho 530, 535, 211 P.3d 775, 780 (Ct. App. 2008); *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). Nevertheless, presentence withdrawal of a guilty plea is not an automatic right; the defendant bears the burden to show a "just reason" for the withdrawal. *Hanslovan*, 147 Idaho at 535, 211 P.3d at 780; *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000).

The grounds upon which Eberley contends his counsel should have moved for withdrawal of the guilty plea include the complaints discussed above concerning the district court's handling of the co-defendants' PSI reports and the defense attorney's failure to provide transcripts of telephone calls. We have held above that Eberley has not presented evidentiary support for those complaints and we will not discuss them further. He also contends that his attorney should have moved to withdraw the guilty plea because the State did not produce, until after Eberley pleaded guilty, a police report that would have been useful in rebutting the claim of one victim that Eberley hit him in the head with a rock during the course of the robbery. This police report was produced after Eberley pleaded guilty but before sentencing. Eberley's contention that this late discovery response would have created just cause for withdrawal of his guilty plea is without merit because the police report was not exculpatory as to the crime of robbery to which Eberley pleaded guilty. Eberley was not charged with and did not plead guilty to battery on this victim. He was charged only with four counts of robbery and pleaded guilty to one count. Although the allegation that Eberley hit a victim with a rock could have comprised part of the State's evidence of the force used to commit the robbery, Eberley admitted to participation in the robbery and the use of other force, including stepping on the victim's back as he lay on the ground. Facts submitted by Eberley at the plea hearing provided ample factual basis for the plea, regardless of whether he also hit a victim in the head with a rock. Because there is no reasonable probability that a motion to withdraw the guilty plea based on this late

discovery response would have been successful, Eberley has not shown that his attorney was deficient in failing to pursue such a motion.

Lastly, Eberley argues that his counsel should be deemed deficient for failing to file a motion to withdraw the guilty plea even if there is no reasonable probability that the motion would have been granted. Although he acknowledges that ineffective assistance of counsel for failure to file a motion is generally determined by assessing the probability that the motion would be granted, he argues that, in this case, showing that the motion would have been granted was not necessary to show prejudice because had the motion been made, Eberley would have had time to rebut the co-defendants' statements in their PSIs. So far as we can understand it, Eberley's argument can be paraphrased thus: if Eberley's counsel had made a motion to withdraw Eberley's guilty plea, the court would not have sentenced Eberley at the sentencing hearing, which would have given Eberley additional time to rebut the PSI statements. However, Eberley has not shown that he had any evidence to rebut the PSI statements other than what he told the court at his sentencing hearing. Eberley has not presented in the post-conviction action any additional evidence that could have been used to rebut the other defendants' and witness's account of the robbery to which he pleaded guilty. This claim of prejudice from counsel's failure to file a motion to withdraw the guilty plea is entirely hypothetical and without any support in the evidence.

### 4. Failure to obtain dismissal of misdemeanor

Finally, Eberley argues that his counsel was ineffective because he did not obtain dismissal of a charge for misdemeanor possession of marijuana which was alleged in the criminal complaint that originated the charges against him. This argument is fatally flawed because when the State presented the case to the grand jury to obtain an indictment, it did not pursue that charge, and the indictment that was issued did not include it. An amended information that was filed thereafter likewise did not include the allegation of a misdemeanor. Thus, the misdemeanor charge was abandoned long before Eberley's guilty plea. Defense counsel therefore could not have been ineffective for failing to obtain dismissal of a charge that was not pending.

In summary, Eberley has shown neither deficient performance by his counsel nor any prejudice arising from the alleged deficiencies. Therefore, the district court did not err in dismissing his claims for ineffective assistance of counsel.

### III.
### CONCLUSION

Eberley has not made a prima facie showing of facts that would entitle him to relief on any of his post-conviction claims.  Therefore, the district court's judgment summarily dismissing Eberley's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**