892 P.2d 488

**Jose Alphonso MARTINEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 20195.**

Court of Appeals of Idaho.

March 28, 1995.

Kehne & Adams, Boise, for ·appellant. Rolf M. Kehne argued.

Larry EchoHawk, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent. Lynn E. Thomas argued.

LANSING, Judge.

In his application for post-conviction relief, Jose Alphonso Martinez alleged that he was denied the effective assistance of counsel during the course of his trial for first-degree murder. The State moved for summary dismissal of Martinez's claims, and the district court dismissed Martinez's application without conducting an evidentiary hearing. Martinez appeals from the dismissal order. He also challenges the denial of his motion to disqualify the judge presiding in the post-conviction proceeding. We find no abuse of discretion in the trial court's denial of Martinez's motion to disqualify. We conclude it was error, however, for the district court to

summarily dismiss the application for post-conviction relief when neither the State's motion nor any notification from the court had given Martinez notice of the prospective grounds for dismissal.

## I. BACKGROUND

Martinez was found guilty by a jury and convicted of first-degree murder for the contract killing of Troy Vance. An indeterminate life sentence was imposed. Martinez appealed, and his conviction and sentence were upheld. *State v. Martinez*, 125 Idaho 445, 872 P.2d 708 (1994). The facts of the crime and details of Martinez's criminal trial are presented in that opinion of the Supreme Court and need not be repeated here.

In May 1992, Martinez filed an application for post-conviction relief pursuant to I.C. § 19–4901 *et seq.* He alleged that his attorney in the criminal case had been ineffective in numerous ways in handling the pretrial investigation of the case and in conducting the defense at trial.

Pursuant to I.C. § 19–4907(a), Martinez's post-conviction relief proceeding was assigned to District Judge Gerald R. Weston, who had also presided over the underlying criminal case. Martinez moved to disqualify Judge Weston under I.R.C.P. 40(d)(2)(A)(4). Judge Weston denied Martinez's motion for disqualification and, upon the State's motion for summary dismissal, dismissed Martinez's application for post-conviction relief. Martinez now appeals, claiming the district court erred in denying his motion to disqualify the presiding judge and in summarily dismissing his application without proper notice and without an evidentiary hearing.

## II. MOTION TO DISQUALIFY JUDGE

■ We consider first Martinez's motion to disqualify Judge Weston. Idaho Rule of Civil Procedure 40(d)(2)(A)(4) provides that a judge may be disqualified from presiding in any action where "the judge or magistrate is biased or prejudiced for or against any party or the case in the action." A judge's determination that disqualification is not necessary will be disturbed on appeal only if it constitutes an abuse of discretion. *Bell v.*

*Bell*, 122 Idaho 520, 529, 835 P.2d 1331, 1340 (Ct.App.1992).

Martinez alleged that Judge Weston should be disqualified for three reasons: (1) statements made by Judge Weston at Martinez's sentencing showed that he was biased; (2) Judge Weston's law firm had represented the estate of the victim, Troy Vance, in a property dispute against one of Martinez's co-defendants, which allegedly created an appearance of impropriety; and (3) Judge Weston was a material witness to the events surrounding Martinez's criminal trial, and Martinez intended to call the judge to testify in the post-conviction proceeding regarding alleged conversations between Judge Weston, the prosecutor and Martinez's attorney.

■ As to the claim of bias, Martinez relies upon Judge Weston's statement at the sentencing hearing that one factor weighing against the death penalty was the fact that Martinez had information that could lead to the conviction of other individuals who may have participated in the murder. According to Martinez, this comment shows that Judge Weston felt that Martinez deserved to be put to death and thereby exhibits bias. This argument is entirely without merit. Martinez had been found guilty of first-degree murder, a crime for which capital punishment is possible, and the prosecutor had requested imposition of that penalty. By terms of I.C. § 19–2515 the judge was required to consider factors weighing in favor of or mitigating against the death penalty. The fact that Judge Weston performed this duty and considered the capital punishment alternative in arriving at a sentence is hardly evidence that the judge was biased.

■ Martinez also alleged that an appearance of impropriety arose because Judge Weston's former law firm had represented the estate of Martinez's victim, Troy Vance, in a dispute against one of Martinez's co-defendants, Howard Olson. Judge Weston investigated this allegation and determined that while he was a partner in the law firm, one of his former partners had represented the estate of Troy Vance. In his order denying Martinez's motion, however, Judge Wes-

ton stated that he had no knowledge of this representation or of any details of that case.

In *DesFosses v. DesFosses,* 122 Idaho 634, 836 P.2d 1095 (Ct.App.1992), we held that the trial judge's prior representation of the brother of the defendant did not constitute grounds for disqualification because the brother was not a party to the action and was not affected by its outcome. Here, any relationship between the case at bar and the judge's prior law practice is even more attenuated. Judge Weston, in his former capacity as an attorney, had no affiliation with the Vance estate's litigation other than his business relationship with the attorney of record. Martinez identifies no facts the judge might have learned from this litigation that would bear upon Martinez's application for post-conviction relief. Rather, he complains of an "appearance of impropriety" necessitating disqualification. We cannot agree. Not even an appearance of impropriety exists in this situation where the district judge's former law firm once represented individuals only remotely connected to the current action, in proceedings that have no relationship to the current action.

■ Finally, Martinez alleged that Judge Weston would be called as a witness regarding conversations he had with attorneys for the defendant and the prosecution. Martinez did not, however, identify the subject matter of these conversations, when they occurred, or how they are relevant to the post-conviction proceeding. A conclusory allegation that a judge is a material witness without more, creates no basis to disqualify the judge. Mandating a judicial disqualification on such unsubstantiated assertions would delay the administration of justice and promote frivolous disqualification efforts.

The grounds asserted by Martinez to disqualify Judge Weston were without merit, and we therefore find no abuse of discretion in the denial of Martinez's motion.

## III. SUMMARY DISMISSAL

Martinez next asserts that the district court improperly dismissed his application for post-conviction relief without having giv-en Martinez notice of the grounds for the dismissal and the opportunity to respond.

■ A post-conviction action is a special proceeding that is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App. 1992). Like a civil plaintiff, the applicant must prove by a preponderance of evidence the allegations upon which the request for relief is based. I.C. § 19–4907; *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not attached. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code § 19–4906 authorizes summary disposition of an application for post-conviction relief, either upon the motion of a party or at the court's own initiative. Summary dismissal is permissible only if the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 819 P.2d 1159 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 754 P.2d 458 (Ct.App. 1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987); Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence, for the court is not required to accept either the applicant's mere conclusory

allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State,* 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App. 1987), *aff'd* 115 Idaho 315, 766 P.2d 785 (1988); *Baruth v. Gardner,* 110 Idaho 156, 159–60, 715 P.2d 369, 372–73 (Ct.App.1986).

 Martinez contends that summary dismissal of his application was improper because he did not receive twenty days' notice of the court's intent to dismiss as required by I.C. § 19–4906(b).[1] The State counters that the notice provision of I.C. § 19–4906(b) is applicable only where the court intends to dismiss the case on its own initiative, not when the dismissal is based upon a motion by the prosecutor. The State is correct in its assertion that, if the prosecutor has filed and served a properly supported motion to dismiss pursuant to I.C. § 19–4906(c), further notice from the court is ordinarily unnecessary. *State v. Christensen,* 102 Idaho 487, 488, 632 P.2d 676, 677 (1981); *Baruth v. Gardner,* 110 Idaho at 159, 715 P.2d at 372. Martinez maintains, however, that the State's motion to dismiss was legally insufficient because it gave him no notice of the grounds for the motion. We conclude that Martinez's point is well-taken.

The State's motion for summary disposition stated:

> COMES NOW RICHARD L. HARRIS, Prosecuting Attorney for Canyon County and moves this Court pursuant to the provisions of I.C. § 19–4906(c) for summary disposition of the application on the grounds that there is no genuine issue of material fact and that the Respondent is entitled to judgment as a matter of law. That a review of all of the records on file in the above entitled case affirmatively show:
> 1. That the conviction or sentence was not obtained or imposed in violation of the Constitution of the United States, or of the Constitution or the laws of the State of Idaho.
> 2. That the Court had jurisdiction to impose sentence.
> 3. That the sentence did not exceed the maximum authorized by law.
> 4. That there exists no evidence or material facts not previously presented or heard, which requires vacation of the conviction or sentence.
> 5. That the Petitioner is not unlawfully held in custody or under other restraint.
> 6. That there exists no other grounds for the granting of relief prayed for by Petitioner.

This language recites almost verbatim some of the terms of the I.C. §§ 19–4901 and 4906, but does not address Martinez's particular claims. The motion does not state what aspects of Martinez's application or supporting evidence are asserted to be insufficient or why. From the record before us it appears that the State's motion was not accompanied by a legal brief, affidavit, or other document that either challenged the sufficiency of Martinez's evidence or presented legal argument asserting why the State was entitled to judgment. The motion therefore did not give Martinez notice of any issues or arguments to which he needed to respond.

 Motions for summary disposition pursuant to I.C. § 19–4906 are procedurally equivalent to motions for summary judgment under I.R.C.P. 56(e), *Bradford v. State,* 124 Idaho 788, 790, 864 P.2d 626, 628 (Ct.App. 1993); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987), and they are therefore subject to similar notice standards. It is clear that in summary judgment proceedings the nonmovant is required to respond only to alleged grounds for summary judgment asserted by the moving party.

---

1. I.C. § 19–4906(b) states:
 When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. *The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact. (Emphasis added.)

The nonmovant need not address any aspect of the nonmovant's case that has not been challenged by the opposing party's motion. *Thomson v. Idaho Insurance Agency, Inc. and Keller*, 126 Idaho 527, 887 P.2d 1034 (1994); *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 273, 869 P.2d 1365, 1368 (1994). Therefore, both this Court and the Idaho Supreme Court have held it was error for a trial court to grant summary judgment on grounds not asserted by the moving party. *Thomson, supra; Mason v. Tucker and Associates*, 125 Idaho 429, 871 P.2d 846 (Ct.App.1994). In *Mason*, we emphasized the necessity of notice of the grounds for a motion in order to afford the nonmovant an opportunity to address the issues raised and present evidence and legal argument directed to those issues.

In *Gibbs v. State*, 103 Idaho 758, 653 P.2d 813 (Ct.App.1982), we addressed a similar situation in the context of a post-conviction action. There, the State filed a motion for summary dismissal, but the district court dismissed the application on grounds different from those presented by the State's motion. Because the applicant had received no notice of or opportunity to challenge the district court's intended basis for dismissal, we vacated the order dismissing the application.

In the present case, the State's motion identified no particular basis for dismissal of Martinez's various claims, and was therefore ineffective to give him notice of any deficiencies in his evidence or any legal analysis he needed to address in order to avoid dismissal of his action. The district court's subsequent order, although couched as an order granting the State's motion, was effectively a *sua sponte* dismissal on grounds advanced by the court. Therefore, it was necessary for the district court to comply with the twenty-day notice requirement of I.C. § 19–4906(b) before dismissing Martinez's post-conviction action. Because such notice was not given, the district court's order of dismissal must be vacated.

## IV. CONCLUSION

The denial of Martinez's motion to disqualify the district judge is affirmed. The order dismissing Martinez's application for post-conviction relief is vacated, and the case is remanded for further proceedings.

WALTERS, C.J., and PERRY, J., concur.