915 P.2d 38

**David FLORES, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 21919.**

Court of Appeals of Idaho.

April 15, 1996.

Van G. Bishop, Canyon County Public Defender, Nampa, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

This is an appeal from the district court's denial of David Flores's post-conviction application. After a complete review of the record and the applicable law, we affirm the district court's denial of Flores's claim regarding his request for transport to the evidentiary hearing. We conclude, however, that Flores was entitled to notice of the grounds for dismissal which neither the state, in its motion, nor the district court particularized so as to allow Flores a meaningful opportunity to respond. Therefore, we vacate the summary dismissal order and remand for further proceedings.

## I.

### FACTS AND PROCEDURE

David Flores entered a plea of guilty to three counts of delivery of a controlled substance. I.C. § 37–2732. He was sentenced to concurrent terms of fourteen years, with minimum periods of confinement of five years. A charge of being an habitual offender was dismissed. Flores did not appeal from the judgment of conviction and sentences.

On June 10, 1994, Flores filed a pro se application for post-conviction relief. Flores was then appointed counsel to pursue his post-conviction claims. He asserted that his counsel, at the time of the entry of his guilty plea, was ineffective by misinforming him of the terms of a plea agreement which had been reached with the state. Flores also sought to withdraw his guilty plea, asserting that it was involuntary because he was not provided with an interpreter at the plea hearing and does not understand English. In answering Flores's application, the state moved for summary dismissal under Idaho Code Section 19–4906(c), arguing that Flores had not presented a genuine issue of material fact to entitle him to an evidentiary hearing on his application for post-conviction relief.

The district court conducted a hearing on the state's motion for summary dismissal and took judicial notice of the file in the criminal case. The district court determined that the court minutes in the criminal case contradicted Flores's assertion that he had been misinformed of the terms of the plea agreement by his attorney and had agreed to plead guilty believing that there existed a plea bargain agreement in which he would be sentenced to a maximum term of six years and would only be required to serve two years before being eligible for parole. Finding that Flores had not raised a genuine issue of material fact, the district court denied the post-conviction claims asserting ineffectiveness of counsel. As to the claim that his plea was involuntary due to Flores's inability to understand English, the district court set the matter for an evidentiary hearing. The district court also ordered that a transcript of the plea hearing be prepared to assist the court in ruling on the remaining post-conviction claim.

Flores filed a motion requesting that he be transported to an October 24, 1994, pre-trial conference, which the district court denied. On February 13, 1995, an evidentiary hearing was held where Flores presented no evidence, but his counsel presented argument on whether, due to language problems, Flores's plea was validly made. The district court reviewed the transcript of the plea hearing and denied relief. Flores appealed.

He claims on appeal that the district court erred: (1) in denying him a full evidentiary hearing on his ineffective assistance claims; and (2) in denying his motion to transport.

## II.

## ANALYSIS

Flores argues that the district court erred in failing to provide him notice of its intent to summarily dismiss the application for post-conviction relief. Flores further argues that he was entitled to a full evidentiary hearing on his claims asserting ineffectiveness of counsel.

In this case, the state moved for summary disposition of Flores's post-conviction application under I.C. § 19–4906(c). The district court did not then elect to proceed under I.C. § 19–4906(b) by sending Flores a notice of intent to dismiss on particularized grounds. Instead, the district court conducted a hearing on the state's motion for summary disposition. The state's motion read as follows:

COMES NOW the Respondent State of Idaho, through its counsel, GERALD L. WOLFF, Deputy Prosecuting Attorney, who moves this Court pursuant to Idaho Code, Section 19–4906(b) [sic] for an Order dismissing this matter for the reasons that Petitioner is not entitled to post-conviction relief and no purpose would be served by further proceedings.

■ Summary dismissal under I.C. § 19–4906(c) is improper if the motion fails to state its grounds with particularity. If the motion is so vague as to give no notice of the grounds, the court may grant summary dismissal only if the court first gives the applicant twenty days' notice of intent to dismiss, and the grounds therefore, pursuant to I.C. § 19–4906(b). This procedure is necessary so as to afford the applicant an opportunity to respond and to establish a material fact issue. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). Written in such general terms, the state's motion did not address the insufficiency of Flores's particular claims and failed to give Flores notice of any issues or arguments to which he needed to respond. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct.App.1995). Flores was therefore entitled to notice specifying the grounds for dismissal asserted by

the state, in order that Flores might respond to the issues raised in the state's motion with supplemental evidence and argument. *Martinez*, 126 Idaho at 817, 892 P.2d at 492.

■ Accordingly, we vacate the district court's summary dismissal of a portion of Flores's post-conviction claims due to the absence of notice of the prospective grounds for dismissal. On remand, and upon proper notice to Flores from either the district court or a renewed motion from the state, the district court may consider anew Flores's claims for post-conviction relief, applying the standards prescribed in I.C. § 19–4901 *et seq.* for determining whether Flores is entitled to an evidentiary hearing and to relief on his claims.

■ Next, Flores argues that the district court's order denying his remaining claim after the February 13, 1995, evidentiary hearing must be reversed. In this claim, Flores challenged the voluntariness of his plea on grounds that he had been unable to understand the proceedings in the plea hearing. Flores argues that the district court erred in denying his requested transport to the evidentiary hearing and thereby prevented Flores from presenting evidence in support of this claim. The district court's order of October 12, 1994, however, denied Flores's specific request for transport to the 3:00 p.m., October 24, 1994, pre-trial conference. The record before this Court does not include any request by Flores to be transported to the evidentiary hearing or the district court's denial of any such request. Therefore, Flores's argument is without merit. This claim challenging the voluntariness of his plea is barred from relitigation on remand by the principles of *res judicata*.

We affirm the district court's order denying post-conviction relief on Flores's claim regarding his request for transport. We vacate the order summarily dismissing Flores's post-conviction claims and remand for further proceedings consistent with this opinion.

WALTERS, C.J., and LANSING, J., concur.