**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33773**

| | | |
|---|---|---|
| **GREGORY LOUIS KELLY,** | ) | |
| | ) | **2009 Opinion No. 28** |
| **Petitioner-Appellant,** | ) | |
| | ) | **Filed: April 13, 2009** |
| **v.** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Richard T. St. Clair, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed in part, reversed in part, and remanded.

Dennis A. Benjamin of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.  Rebekah A. Cudé argued.

_____

PERRY, Judge

Gregory Louis Kelly appeals from the district court's order summarily dismissing his application for post-conviction relief.  For the reasons set forth below, we affirm in part, reverse in part, and remand the case for further proceedings.

**I.**

**FACTS AND PROCEDURE**

Kelly was charged with four counts of conspiracy to traffic in methamphetamine, one count of trafficking in methamphetamine, one count of possession of methamphetamine with intent to deliver when children are present, and one count of conspiracy to traffic in marijuana. Pursuant to a plea agreement, Kelly pled guilty in 2003 to two counts of conspiracy to traffic in methamphetamine.  I.C. §§ 37-2732B(a)(4)(A), 37-2732B(b).  The district court sentenced Kelly to concurrent unified terms of twenty years, with minimum periods of confinement of eight years.  Kelly then filed an I.C.R. 35 motion for reduction of his sentences.  The district denied

1

Kelly's Rule 35 motion, and he appealed. In an unpublished opinion, this Court affirmed the district court's denial of Kelly's Rule 35 motion. *See State v. Kelly,* Docket No. 30586 (Ct. App. Jan. 5, 2005).

On January 9, 2006, Kelly filed an application for post-conviction relief. The state filed an answer in February, and Kelly filed several replies to the state's answer. On August 15, the state filed a motion for summary dismissal and accompanying memorandum. The state's cryptic motion generally requests dismissal of Kelly's application stating that there is "no evidentiary basis to support his claims." However, the state's accompanying memorandum specifically sets forth the grounds the state relied on as a basis for the dismissal of each claim mentioned therein. The district court held a hearing on the state's motion for summary dismissal. At that time, Kelly had not requested counsel, requested to be transferred for the hearing, or requested to appear telephonically. At the hearing, no arguments were made and the district court took the state's motion under advisement. On October 19, the district court summarily dismissed all of Kelly's post-conviction claims. Kelly appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

2

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

## III.

## ANALYSIS

### A. Kelly's Absence at the Summary Dismissal Hearing

Kelly argues that the district court denied him due process and access to the courts by conducting a hearing on the state's motion for summary dismissal in Kelly's absence. The state counters that Kelly has failed to establish how his due process rights were violated when the district court did not sua sponte decide to have him transported for the hearing and when nothing was argued or was decided at the hearing.

On September 27, 2006, the district court held a hearing on the state's motion for summary dismissal. The district court began by noting that Kelly had not requested the appointment of counsel, a transfer to appear in person, or to appear telephonically. The state's attorney explained that he was requesting summary dismissal and then concluded that "at this

3

time I'll simply submit my arguments on the brief." There was no argument made and the district court conveyed that it would issue a written decision. On September 29, two days after the hearing, Kelly's motion for transport was filed with the district court.

The district court did not violate Kelly's due process rights in this case. The district court did not deny Kelly the opportunity to attend the hearing. Furthermore, it could not be a denial of due process for Kelly to be absent from a hearing where no evidence is presented, no argument entertained, and no decision is reached by the court. Kelly's claim is without merit.

**B.    Summary Dismissal Notice**

Kelly asserts that several of his claims were improperly summarily dismissed because neither the state's motion for summary dismissal nor the accompanying memorandum provided, with adequate particularity, the grounds on which the state sought dismissal. Kelly also argues he did not receive any notice regarding some of his claims because the claims were not addressed in the state's memorandum and the district court dismissed those claims without thereafter issuing a twenty-day notice. Finally, Kelly contends that he did not receive proper notice because the district court dismissed several of his claims on grounds other than those which were relied on in the state's memorandum. Idaho Code Section 19-4906 provides, in pertinent part:

> (b)     When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .
> (c)     The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss an applicant's post-conviction claims if the court provides the applicant with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the applicant to respond. Pursuant to I.C. § 19-4906(c), if the state files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the

4

"motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State,* 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). Idaho Rule of Civil Procedure 7(b)(1) requires that the grounds of a motion be stated with "particularity." If the state's motion fails to give such notice of the grounds for dismissal, the court may grant summary dismissal only if the court first gives the applicant the requisite twenty-day notice of intent to dismiss and the grounds therefore pursuant to I.C. § 19-4906(b). *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996).

Similarly, where "the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide the twenty days notice." *Saykhamchone,* 127 Idaho at 322, 900 P.2d at 798. The notice procedure contained in I.C. § 19-4906 is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores,* 128 Idaho at 478, 915 P.2d at 40. If the district court dismisses on grounds not contained in the state's motion, the applicant has no opportunity to respond and attempt to establish a material issue of fact.

The Idaho Supreme Court recently addressed the notice required by I.C. § 19-4906(c) in *DeRushé v. State,* 146 Idaho 599, 200 P.3d 1148 (2009). The Court there noted that the notice requirement is met if "the notice is sufficient that the other party cannot assert surprise or prejudice" and the Idaho Rules of Civil Procedure require only "reasonable particularity." *Id.* at 601, 200 P.3d at 1150. The Court went on to conclude that reasonable particularity "does not require explaining what further evidence is necessary" to substantiate an applicant's claim. *Id.* at 602, 200 P.3d at 1151. The ultimate holding of the Court was that an applicant for post-conviction relief cannot challenge on appeal the sufficiency of the grounds contained in the state's motion for summary disposition unless the applicant first challenged the sufficiency of the notice in the trial court. *Id.* The *DeRushé* Court, however, reiterated that, "if the State moves to dismiss a petition under Idaho Code § 19-4906(c), the court cannot dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19-4906(b)." *Id.*

In this case, the state asserts that, pursuant to *DeRushé,* Kelly cannot challenge the notice for the first time on appeal. However, we do not read *DeRushé* to completely eliminate the long-standing notice requirement for summarily dismissing a post-conviction application. Rather,

5

*DeRushé* held only that, upon receiving notice from the state or the court, an applicant cannot challenge the *sufficiency* of the notice for the first time on appeal. *DeRushé* does not preclude an applicant from asserting for the first time on appeal that the district court improperly summarily dismissed a claim without providing *any* notice either through the state's motion or the court's own notice. In addition, *DeRushé* does not hold that, if the state files a motion for summary dismissal but the district court dismisses a claim on a ground not contained in the state's motion without providing additional notice, an applicant is precluded from challenging that dismissal for the first time on appeal. Therefore, we reject the state's broad-brush interpretation of *DeRushé* and conclude that challenges to a complete lack of notice remain available to the applicant for the first time on appeal.

In this case, Kelly did not argue before the district court that the state's motion for summary dismissal and accompanying memorandum provided inadequate notice on some claims, *i.e.*, did not state the grounds with sufficient particularity. Therefore, given the Supreme Court's holding in *DeRushé*, we decline to review any of Kelly's claims based on an allegation that the state's motion and memorandum provided insufficient notice. However, given our more narrow interpretation of *DeRushé*, we will address Kelly's arguments concerning claims that were dismissed without any notice and claims that were dimissed by the district court on a ground other than those relied on in the state's memorandum.

## C. Claim Dismissed Without Any Notice

Kelly's application contains a claim of ineffective assistance of counsel based on his attorney's failure to file a motion to suppress evidence. The state's motion for summary dismissal and memorandum do not address this claim; however, the district court's order summarily dismissing Kelly's application does address it. The district court dismissed Kelly's claim of ineffective assistance for failure to file a motion to suppress at least in part because Kelly had not proven he requested that his counsel file such a motion.

At oral argument before this Court, the state asserted that Kelly's claim of ineffective assistance for failure to file a motion to suppress was addressed in the section of the state's memorandum containing "failure to investigate" in the heading. We disagree. That section of the state's memorandum does not mention the absence of a suppression motion and it does not constitute notice to Kelly concerning this claim. Therefore, the district court erred in summarily dismissing Kelly's claim of ineffective assistance of counsel based on his attorney's failure to

6

file a motion to suppress without providing the requisite twenty-day notice. For guidance on remand, we note that whether a defendant requested the filing of a suppression motion is not part of the analysis in determining whether an attorney's conduct fell below an objective standard of reasonableness in failing to file such a motion.

**D.     Claims Dismissed on Grounds Other than those Contained in State's Memorandum**

Kelly argues that the district court summarily dismissed several of his claims on grounds other than those listed in the state's memorandum. The state concedes that the district court analyzed Kelly's application under several additional theories, but it argues that the district court also relied on the grounds raised by the state for dismissal and, therefore, Kelly was given sufficient notice.

When a district court summarily dismisses a post-conviction application relying in part on the same arguments presented by the state in its motion for summary dismissal, the notice requirement has been met. *See Workman v. State,* 144 Idaho 518, 525, 164 P.3d 798, 805 (2007). In that case, the Idaho Supreme Court determined that, although the district court noted grounds for dismissal in addition to those advanced by the state, the "district court's reasoning for dismissal of Workman's petition is not so different in kind as to transform its decision into a *sua sponte* dismissal." *Id.* at 524, 164 P.3d at 804. Therefore, a district court may summarily dismiss a post-conviction claim for reasons in addition to those advanced by the state's motion and still be in compliance with the notice requirement as long as the court also relies on the state's reason for dismissal. However, if the district court summarily dismisses a claim without reliance on any argument contained in the state's motion, the dismissal will be treated as a sua sponte dismissal and require a twenty-day notice. *See DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

Kelly's application contains several allegations of ineffective assistance of counsel. First, Kelly asserted a claim of ineffective assistance for his attorney's failure to impeach witnesses at the preliminary hearing. The state's memorandum argued that Kelly's claim should be summarily dismissed because "whatever happened at the preliminary hearing has been superseded by petitioner's guilty plea" and "the manner of proceeding in the preliminary hearing by defense counsel is considered 'trial tactics' or 'strategic choices' and therefore not subject to

7

attack on post conviction proceedings."[1]   However, the district court dismissed this claim because Kelly had provided no evidence showing that witnesses at the preliminary hearing testified untruthfully.  Because the district court did not rely, at least in part, on the argument contained in the state's memorandum, this claim was improperly summarily dismissed without the requisite notice.

Second, Kelly's application contains claims of ineffective assistance of counsel for his attorney's failure to secure an independent drug expert, failure to retain a fingerprint expert, failure to investigate an alibi defense, failure to pursue a defense of mistaken identity, and failure to investigate whether it was Kelly's voice on a recording.  In its memorandum, the state argued that these claims should be summarily dismissed because Kelly did not provide admissible evidence concerning what the experts or the investigation would have revealed, Kelly could not establish prejudice because he admitted facts to support his guilty plea, and the decisions not to obtain experts or investigate were considered trial tactics.  Although the state's memorandum may have asserted viable grounds for dismissal, the district court's order stated that Kelly voluntarily pled guilty and therefore his defense attorney "was foreclosed from presenting a defense of mistaken identity or presenting an alibi."[2]  Because the district court did not rely, at least in part, on the arguments contained in the state's memorandum, these claims were improperly summarily dismissed without the requisite notice.

Third, Kelly's application contains an ineffective assistance of counsel claim asserting that his attorney failed to ensure Kelly's *Miranda*[3] rights were read prior to the presentence investigation.  The state's memorandum said that this claim should be summarily dismissed

---

[1]    In addition to the lack of notice, Kelly also argues that this is an incorrect statement of the law.  However, because this claim is being remanded for lack of proper notice, we decline to rule on Kelly's additional argument that the law provided by the state was incorrect.

[2]    Kelly also argues that this is an incorrect statement of the law by the district court.  We agree.  *See Hayes v. State,* 143 Idaho 88, 92, 136 P.3d 475, 479 (Ct. App. 2006) (noting that the voluntariness of a guilty plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases).  Therefore, a guilty plea may not automatically remedy all failures to investigate and prepare a defense if the failure to do so leads to inadequate or inaccurate advice from the attorney concerning pleading guilty.

[3]    *See Miranda v. Arizona*, 384 U.S. 436 (1966).

because, at the time Kelly pled guilty, he was aware that he was waiving his Fifth Amendment privilege. However, the district court dismissed this claim because Kelly did not provide evidence showing that he attempted to invoke his Fifth Amendment privilege to remain silent during the presentence investigation. Therefore, because the district court did not rely, at least in part, on the argument contained in the state's memorandum, this claim was improperly summarily dismissed without the requisite notice.[4]

Fourth, Kelly argues that his claims of prosecutorial misconduct were improperly summarily dismissed because the state's memorandum accompanying its motion for summary dismissal did not address those claims. Kelly's post-conviction application asserts a claim of prosecutorial misconduct and elaborates on his belief that state witnesses were offered plea bargains to testify falsely against Kelly at the preliminary hearing. On the same date Kelly filed his post-conviction application, he filed a brief and affidavit in support thereof. That brief and affidavit are included in the record on appeal as exhibits. Kelly's brief provides that "there was evidence the state possessed that was not awarded to the defense," including audio tapes and photographs. Although the district court's order summarily dismissing Kelly's application addressed these two issues of prosecutorial misconduct raised by Kelly--that witnesses received plea bargains for false testimony at the preliminary hearing and that the state withheld exculpatory information--these issues are not addressed anywhere in the state's memorandum.

The state's memorandum in support of its motion for summary dismissal categorized Kelly's claims. At oral argument before this Court, the state asserted that Kelly's claims of prosecutorial misconduct were addressed in the section of the state's memorandum containing "witness tampering" in the heading of that section. The only possible reference to Kelly's claims

---

[4]     Kelly also argues the district court's reliance on whether Kelly invoked his Fifth Amendment privilege is not the proper inquiry and is an incorrect statement of the law by the district court. The Fifth Amendment privilege against self-incrimination applies at sentencing, but generally a defendant must invoke it. *See State v. Person,* 145 Idaho 293, 297, 178 P.3d 658, 662 (Ct. App. 2007). However, the order dismissing this claim is reversed because the district court dismissed it on a ground other than what was contained in the state's memorandum. Therefore, we need not determine whether Kelly may present a valid claim of ineffective assistance based on his attorney's alleged failure to ensure Kelly's *Miranda* rights were read before the presentence investigation. Nevertheless, we pause to note that it may be deficient performance for counsel to fail to advise the defendant of this privilege. *See Estrada v. State,* 143 Idaho 558, 564, 149 P.3d 833, 839 (2006).

of prosecutorial misconduct is this portion of the heading as that section does not further address Kelly's claims.

As we stated earlier, to meet the reasonable particularity requirment, a motion by the state for summary dismissal need not explain to a post-conviction applicant what evidence he or she is missing. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. However, we do not read *DeRushé* as eliminating the requirement that the state's motion identify the deficiency with each post-conviction claim. *See, e.g., Garza v. State,* 139 Idaho 533, 537-38, 82 P.3d 445, 449-50 (2003) (enumerating several of Garza's claims and noting that, because the "district court did not give the rationale for dismissing the claims," the notice of intent to dismiss was insufficient); *Franck-Teel v. State,* 143 Idaho 664, 669, 152 P.3d 25, 30 (Ct. App. 2006) (holding that "the broad and generic contentions in the state's motion do not refer to Franck-Teel's specific allegations and, thus, cannot be construed as addressing the perceived flaws in any particular item of evidence or legal analysis, which Franck-Teel needed to adddress in order to avoid summary dismissal"); *Flores,* 128 Idaho at 478, 915 P.2d at 40 (holding that, "written in such general terms, the state's motion did not address the insufficiency of Flores's particular claims and failed to give Flores notice of any issues or arguments to which he needed to respond"); *Martinez,* 126 Idaho at 818, 892 P.2d at 493 (holding that the state's motion "identified no particular basis for dismissal of Martinez's various claims, and was therefore ineffective to give him notice of any deficiencies in his evidence or any legal analysis he needed to address in order to avoid summary dismissal of his action").

As the Supreme Court elaborated, a "notice of intent to dismiss must state the reasons for dismissal in order to provide an applicant with meaningful opportunity to provide further legal authority or evidence that may demonstrate the existence of a genuine factual issue." *Garza,* 139 Idaho at 537, 82 P.3d at 449. Providing an individualized response to a post-conviction applicant's allegations is necessary to ensure that an applicant can respond with additional authority or evidence if it exists and so that the applicant "cannot assert surprise or prejudice" regarding the basis of dismissal. *DeRushé,* 146 Idaho at 601, 200 P.3d at 1150.

Therefore, without deciding whether "witness tampering" in a heading constitutes notice, we conclude that the claim was dismissed by the district court on grounds different than those contained within the witness tampering section. Specifically, the state's memorandum argued that Kelly's "witness tampering" claim should be dismissed because "whatever happened at the

10

preliminary hearing has been superseded by [Kelly's] guilty plea" and that "the manner of proceeding in a preliminary hearing by defense counsel is considered 'trial tactics.'" The district court dismissed these claims on the grounds that Kelly had not provided admissible evidence and had not demonstrated how any omissions by the state prejudiced his plea bargaining process. Therefore, the district court's order is treated as a sua sponte dismissal of these claims, and the twenty-day notice requirement must be complied with. Accordingly, the district court erred by dismissing Kelly's claims of prosecutorial misconduct without complying with the notice requirement.

Finally, Kelly's application asserts that he was denied effective assistance of counsel because his attorney failed to file a notice of appeal. The state's memorandum asserts that Kelly's claim is belied by the record because a notice of appeal was filed. However, the district court dismissed Kelly's claim because Kelly had not provided evidence showing he requested that his attorney file a notice of appeal and because tactical decisions by an attorney will not be second-guessed absent a showing of inadequate preparation or ignorance of the law. Our judicial records demonstrate that Kelly indeed filed a direct appeal with this Court and this Court affirmed the district court in an unpublished opinion. *See State v. Kelly,* Docket No. 30586 (Ct. App. Jan. 5, 2005). Therefore, although it was improper for the district court to dismiss Kelly's claim on a ground not contained in the state's memorandum without the twenty-day notice, in the interest of judicial economy we conclude that, because a notice of appeal was filed and an appellate decision rendered thereon, remand of this claim is unnecessary.

## IV.

## CONCLUSION

The district court did not violate Kelly's due process rights by failing to sua sponte order that he be transported for the hearing on the state's motion for summary dismissal. Kelly cannot argue for the first time on appeal that the state's motion and accompanying memorandum provided insufficient notice of the grounds for dismissal of some claims and, therefore, the district court's order summarily dismissing those claims is affirmed. The district court erred in summarily dismissing Kelly's claim of ineffective assistance of counsel based on his attorney's failure to file a motion to suppress because this claim was not addressed in the state's motion or memorandum and Kelly did not receive the requisite notice. The district court also erred in summarily dismissing Kelly's claims of prosecutorial misconduct and ineffective assistance of

11

counsel based on his attorney's alleged failure to impeach witnesses at the preliminary hearing, acquire experts, present an alibi or mistaken identity defense, or ensure Kelly's *Miranda* rights were read prior to the presentence investigation, because these claims were not dismissed on the grounds relied on in the state's memorandum. Therefore, for the reasons stated above, the order summarily dismissing these matters is reversed and the case is remanded to the district court. Although we express no opinion about the ultimate outcome of Kelly's claims, he must be provided with the requisite twenty-day notice before summary dismissal. However, in the interest of judicial economy, we affirm the dismissal of Kelly's claim of ineffective assistance based on his attorney's failure to file a notice of appeal. Accordingly, the order summarily dismissing Kelly's application for post-conviction relief is affirmed in part, reversed in part, and remanded for further proceedings. Costs, but not attorney fees, are awarded to Kelly on appeal.

Chief Judge LANSING, **SPECIALLY CONCURRING**

I fully concur in the foregoing opinion. I write separately to make some suggestions to the trial court and to Kelly's counsel that could avoid the need for similar appeals in the future.

To the district court's credit in the present case, the court issued an opinion that set forth the basis for dismissal of each of Kelly's claims in detail, with citations to applicable authority and references to the evidence, or to omissions in the evidence. Most of the present appellate challenge to the summary dismissal order could have been prevented if the district court had presented this detailed opinion as a notice of intent to dismiss and allowed Kelly twenty days to respond before the court entered its dismissal order. It would have entailed no significant additional effort for the court and could have insulated the court's order from attack on appeal on the basis of inadequate notice. Therefore, I suggest that our district judges consider employing such a procedure.

I would also point out to Kelly's counsel--and to all attorneys who represent post-conviction petitioners--that when a post-conviction action has been dismissed without adequate notice, rather than taking an immediate appeal it would ordinarily be much more expedient for the petitioner to file a motion in the district court for relief from the judgment under Idaho Rule of Civil Procedure 59(e). Bringing the error to the district court's attention in this manner would give the court an opportunity to take prompt corrective action and could eliminate the need for, and the delay attending, an appeal. In this case, for example, Kelly could have filed a Rule 59(e) motion pointing out that he had not received prior notice of some of the grounds relied upon by

the district court in its dismissal order, and could have presented any additional evidence and legal argument that he might deem appropriate to contest the grounds relied upon by the district court. If Kelly had done this, and if the district court had denied the motion, Kelly could have then appealed. If that had occurred, on appeal this Court would have been able to address the *merits* of his claims rather than simply remanding the case back to the district court, which will likely begin the summary dismissal proceedings anew by giving an appropriate notice of intent to dismiss, with the possibility of yet another appeal before this post-conviction action is finally concluded.

Judge GRATTON, **CONCURRING IN PART AND DISSENTING IN PART**.

I concur in Section A of the majority opinion.

As to Section B of the majority opinion, I agree with the conclusion that *DeRushé v. State*, 146 Idaho 599, 200 P.3d 1148 (2009) did not eliminate all notice requirements for summary dismissal of post-conviction applications. I agree with the majority's view that *DeRushé* does not preclude an applicant from challenging, for the first time on appeal, summary dismissal when *no* notice at all was given of the ground for dismissal. I agree that if a court determines to dismiss a claim on a ground for which *no* notice was given, the court must first give the applicant a twenty-day notice of its intent to dismiss on that ground. I further agree that *DeRushé* precludes an applicant from raising a claim of inadequate notice, i.e., failure to state the grounds for dismissal with sufficient particularity, for the first time on appeal. Unless an applicant challenges the sufficiency of the State's motion before the district court, it cannot be considered on appeal. I respectfully disagree with the majority's "narrow interpretation" of *DeRushé*. As discussed more fully below, the majority continues to require a level of particularization which I believe is disavowed by *DeRushé*.

I dissent in its entirety to Section C of the majority opinion. Under the guise of an analysis of whether *no* notice was given, the majority engages in a sufficiency of notice analysis. The claim reviewed by the majority is a claim of ineffective assistance of counsel based on the failure of Kelly's attorney to file a motion to suppress. In the list of allegations of conduct constituting ineffective assistance of counsel, the application states: "Counsel failed to file pretrial motions to suppress." The attachment to Kelly's affidavit, regarding issues presented,

13

states: "Counsel failed to surpress (sic) testimonies and evidence."[1] In this case, the State's motion alleges that, "petitioner has no evidentiary basis to support his claims. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1999)." The State's motion seeks summary dismissal of all claims, which would include each of the individual allegations of conduct allegedly constituting ineffective assistance of counsel. An application for post-conviction relief, based on a claim of ineffective assistance of counsel, will survive a motion for summary dismissal only if the applicant establishes: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact exists as to whether the deficiency prejudiced applicant's case. *Saykhamchone,* 127 Idaho 319, 323, 900 P.2d 795, 799 (citing *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992)).

The State's memorandum in support of the motion clearly addresses the claim of ineffective assistance of counsel. The memorandum points out the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and quotes extensively from *Jones v. State*, 125 Idaho 294, 297, 870 P.2d 1, 4 (Ct. App. 1994), regarding ineffective assistance of counsel claims. The memorandum further states that, "the petitioner has the burden of identifying the acts or omissions of counsel that were not the result of reasonable professional judgment," citing *State v. Chapman*, 120 Idaho 466, 816 P.2d 1023 (Ct. App. 1991). Kelly was, in my view, provided notice that his ineffective assistance of counsel claims, and each of the individual allegations, were placed at issue by the motion and memorandum on the ground of lack of evidentiary support. Irrespective of the sufficiency of the notice, it is notice.

The majority requires more. The majority, under the analysis of whether *no* notice was given, requires that the motion specifically reference and address each of the individual allegations of conduct allegedly constituting ineffective assistance of counsel. In other words, in this instance, by not specifically referring to the allegation that "counsel failed to file pretrial motions to suppress," *no* notice relative to that specific allegation was given to Kelly. First, I believe that once it is established that the state raises the issue of the insufficiency of the evidence as to the ineffective assistance of counsel claims, whether, and to what extent, the

---

[1]     These claims do not, in my view, meet the standard, as articulated by the majority, that "the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal." However, this seems to be of no consequence in regard to the question of notice of summary dismissal.

14

motion and memorandum identifies and addresses each and every allegation of conduct constituting ineffective assistance of counsel is a matter of sufficiency of notice. Second, as will be addressed more fully below, I do not believe, as the majority does, that "an individualized response to a post-conviction applicant's allegations," i.e., specifically referencing each allegation of conduct allegedly constituting ineffective assistance of counsel and matching it to a particularized basis for dismissal, is required.

Third, I believe that the memorandum here does specifically refer to the issue raised and the grounds for dismissal, even though it does not use the apparently talismanic phrase "motion to suppress." The majority points to the section of the State's memorandum containing "failure to investigate" in the heading and concludes that, since "the absence of a suppression motion" is not mentioned, it provides no notice. Of course, the failure to mention "the absence of a suppression motion," is the negatively stated majority view that the state must individually reference the allegation of failure to file a suppression motion in as many words. However, in my view, the issue is raised, although, again, the words "motion to suppress" are not stated. The memorandum states that, "defense counsel's choice of witnesses, manner of cross examination, and *lack of objection to allegedly damaging evidence* falls within the purview of 'trial tactics' or 'strategy choices' that are in the exclusive domain of trial counsel." (Emphasis added.) The failure to file a motion to suppress is, in fact, a pre-trial "lack of objection to allegedly damaging evidence." The majority refuses to acknowledge the above-quoted argument in the memorandum, ostensibly because it is set out under the standard of review section rather than the argument section. Although these arguments in the State's memorandum are not specifically matched or referenced to each of the individualized allegations of conduct allegedly constituting ineffective assistance of counsel, including failure to file a suppression motion, the asserted grounds that Kelly's ineffective assistance of counsel claims lack supporting evidence and are barred as trial tactics or strategy choices of trial counsel are, indeed, stated.[2]

---

[2] I hasten to add that the State's memorandum is not a model of clarity. The better practice for a prosecutor or the court in providing notice, from a practical point of view, as opposed to a legal standpoint, would be to attempt to singularly address each separately itemized claim or assertion in the application and its supporting documentation. Far too many post-conviction relief appeals center on the lack of notice, the lack of sufficient notice, and/or the district court's decision being based upon grounds not set forth in the notice, rather than the merits of the application. An appellate victory by a post-conviction relief applicant on the basis of inadequate

I dissent in its entirety to Section D of the majority opinion.[3] The majority undertakes to determine whether the district court dismissed on the same, or partially same, ground as stated in the State's motion and memorandum. The initial claims addressed by the majority relate to particular allegations of conduct constituting ineffective assistance of counsel. The majority looks for individualized argument in the State's memorandum to match with the basis for the court's determination. I believe the court focuses too narrowly. The district court generally characterized the State's asserted basis for dismissal of all of the allegations of conduct constituting ineffective assistance of counsel as follows:

> The State argues that summary dismissal is appropriate under I.C. § 19-4906(c) because the affidavits and other documents filed by Kelly do not contain any admissible facts to establish his claims including his claim of ineffective assistance of defense counsel. The State further argues that his counsel, Marv Stucki ("Stucki"), made several strategic decisions with consent of Kelly during the preliminary hearing which cannot be second guessed in a post conviction relief proceeding.

It appears that the district court viewed the State's motion and memorandum as a whole and concluded, as I have, that the State's asserted grounds for dismissal, as to all of the individual allegations of conduct constituting ineffective assistance of counsel, include lack of supporting evidence and trial tactics or strategy choices of trial counsel. Although the district court also separately addressed each of the individual allegations of conduct, the district court began its ruling with: "In the present case, and according to the above standard, Kelly fails to meet his burden on ineffective assistance of counsel." The district court concluded its analysis of the ineffective assistance of counsel claims holding: "Kelly's *petition* for post conviction relief fails because his affidavits do not contain admissible facts to support his *allegations* of ineffective assistance of counsel." (Emphasis added.) In short, the State raised the issue of lack of admissible evidence to support any and all of the individual allegations of conduct constituting

notice is no victory at all, only delay. Reasonable notice is essential and deserving of particular attention in the context of summary dismissal. However, the process should not derail timely analysis of the merits of the application.

[3]     I agree, however, with the result as to the claim of ineffective assistance of counsel for failure to file a notice of appeal.

16

ineffective assistance of counsel, and the court agreed. The fact that the district court went on to comment separately on each individual allegation of conduct constituting ineffective assistance of counsel does not change the overall basis for the court's dismissal.

The primary thrust of the State's motion is a lack of admissible evidence to establish any and all of the claims raised by Kelly. This is not a situation where the state raised lack of sufficient evidence and the court dismissed on the ground that the application was untimely, or that the issues could or should have been raised on direct appeal or that the petition amounted to an improper successive petition or some other ground not remotely related to the adequacy of Kelly's evidence to support his claims. Again, the motion itself states as its basis that: "petitioner has no evidentiary basis to support his claims." The district court, as to each of the individual allegations of conduct constituting ineffective assistance of counsel, found the evidence lacking and insufficient. The majority confines itself too narrowly in analyzing only the district court's separate comments regarding each of the individual ineffective assistance of counsel allegations.

Kelly raised claims of prosecutorial misconduct on the separate grounds that witnesses received plea bargains for false testimony at the preliminary hearing and that the state withheld exculpatory information. First, as to the claim of withholding of exculpatory evidence, the majority points to a document in the exhibits which is entitled "Brief and Affidavit in Support of Petition for Post Conviction Relief," and notes certain statements which it interprets as raising a claim of prosecutorial misconduct for withholding exculpatory evidence. However, while the title to this document contains the word "affidavit," it is not an affidavit and should not be considered sufficient to raise the claim or as evidence in support of the claim. The document is in the form of a brief. The statements noted by the majority are under the heading "argument-analysis." The document is not signed or notarized.[4] The State should not be required to provide notice of grounds for dismissal of a claim that was asserted in an unsigned, unverified brief.

Second, as to the claim of receipt of plea bargains for false testimony at the preliminary hearing, the majority concludes that the basis for the court's decision was not included in the motion and memorandum filed by the State. The majority states: "The only possible reference to Kelly's claims of prosecutorial misconduct is in this portion of the heading ['witness

_____

[4] Although, conversely, the petition and affidavit for post-conviction relief and the affidavit in response to the motion are signed and notarized.

17

tampering'] as that section does not further address Kelly's claim." The majority, thereafter, holds that "without deciding whether 'witness tampering' in a heading constitutes notice" the district court decided the issue on grounds other than advanced in the motion and memorandum. A review of the application yields no other allegations which may fall under the rubric of witness tampering. The claim under review is, therefore, the only claim of action which could constitute witness tampering. The language could refer to nothing else. In addition, the majority recognizes that this allegation involves matters occurring at the preliminary hearing. The "heading" in the State's memorandum, to which the majority refers, also includes "issues dealing with testimony at the preliminary hearing." The issue was, indeed, raised.

The district court dismissed this claim on the ground that Kelly had failed to submit admissible facts to support the claim. As the majority notes, the argument set forth in the section of the State's memorandum which raises this issue of prosecutorial misconduct does not expressly reference insufficiency of the evidence as a basis for dismissal.[5] But, as demonstrated above, the State's motion generally asserts that, "petitioner has no evidentiary basis to support his claims." In addition, the State's memorandum argues that "an applicant for post-conviction relief is subject to summary dismissal under I.C. § 19-4906(c) where the application fails to present or be accompanied by admissible evidence supporting its allegations." The State's motion seeks summary dismissal of all claims, which should be understood to include the prosecutorial misconduct claims. So, this issue of prosecutorial misconduct is identified in the State's memorandum and the State asserts, generally, that all of Kelly's claims lack sufficient evidence. The question presented, then, is whether this is enough to put Kelly on notice that, as to all of his claims, he is required to submit sufficient evidence to create a genuine issue of fact. The majority thinks not. The majority requires that the state provide "an individualized response" to each of the applicant's claims and arguments. However, since under *DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51, in order to adequately state that a claim lacks sufficient evidence "reasonable particularity only requires pointing that out," and "it does not require

_____

[5]     This presents the not infrequently encountered situation where the motion states a ground for dismissal, e.g., insufficiency of evidence as to all claims, and then proceeds to provide argument on particular aspects of the asserted insufficiency. While, I understand that the applicant may conclude that the argument narrows the scope of the more broadly asserted ground for dismissal, nonetheless, the applicant should be held to be on notice that the insufficiency of the evidence is at issue and the court should be free to dismiss on that ground.

18

explaining what further evidence is necessary, particularly since it may not exist," there was nothing more for the State to provide by way of explanation as to how or why the evidence was insufficient. Identifying the claim as being part of the motion and stating that all claims lack sufficient evidence should satisfy the *DeRushé* standard, since there is nothing more to add.

In addition, Kelly understood that the issue raised by the State related to the sufficiency of the evidence. In his reply to the State's motion for summary dismissal, Kelly responded to each of paragraphs (1) through (5) of the motion. As to paragraph (1) Kelly responded:

> Witness tampering, see affadavit (sic) John Pirce, also private investigator working on affidavits for Lacy Scouted (sic), Jeremy Plank, Heather Cunningham, Mike Kent, Brad Kelly, Ron Kelly, Eric Hinkley, Tangee Kelly, also see defendant affidavit.

The affidavit states that Heather Cunningham was told to point the finger at Kelly and "they would get no time if they said they got their drugs from me." According to the affidavit, Hinkley and Plank told Kelly that a detective told them if they would just say that they got all their drugs and money from Kelly they would get all their charges dropped. In addition, the affidavit states that Lacy Scouten was told to say that she got all of her drugs from Kelly. Kelly was aware of what the State meant by "witness tampering" and that the adequacy of his evidence was at issue.[6]

Finally, as referenced above, I disagree with the specific allegation-to-argument matching required by the majority. The majority cites to *Garza v. State*, 139 Idaho 533, 537-38, 82 P.3d 445, 449-50 (2003), *Franck-Teel v. State*, 143 Idaho 664, 669, 152 P.3d 25, 30 (Ct. App. 2006), *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996), and *Martinez v. State*, 126 Idaho 813, 818, 892 P.2d 488, 493 (Ct. App. 1995), for the proposition that the State must, in its motion and memorandum, provide "an individualized response to a post-conviction applicant's allegations." While the majority attempts to stop short of requiring that the motion utilize specific phrases, such as "motion to suppress" or "prosecutorial misconduct," the majority does, in fact, require such specificity and more. I will use *Franck-Teel* as an example. In *Franck-Teel* this Court rejected the following grounds for dismissal set forth in the State's motion:

> 1. That Petitioner alleges conclusory allegations and does not raise a genuine issue of material fact or timely filed.

---

[6] Since Kelly's response demonstrates that he understood the basis for dismissal, any inadequacy of the notice is harmless error. *Baker v. State*, 142 Idaho 411, 421-22, 128 P.3d 948, 958-59 (Ct. App. 2005).

2. Petitioner fails to present facts adequate to indicate that [her] counsel's conduct so undermined the proper functioning of the adversarial process so as to produce an unjust result.

3. Petitioner fails to present facts adequate to indicate that [her] counsel's conduct was deficient because it fell outside the wide range of professional norms.

4. That the Petitioner fails to present facts adequate to indicate prejudice as a result of deficient conduct of [her] counsel.

5. That the Petitioner fails to assert facts adequate to overcome the presumption that [her] counsel's performance constituted adequate assistance and was made with all significant decisions in the exercise of reasonable professional judgment.

6. Petitioner failed to allege facts adequate to overcome the indication that strategic and tactical decisions were objectively appropriate.

*Franck-Teel*, 143 Idaho at 669, 152 P.3d at 30. This Court held that the above arguments failed to provide sufficient notice. This Court also rejected the above "broad and generic" arguments because they "do not refer to Franck-Teel's specific allegations and, thus, cannot be construed as addressing the perceived flaws in any particular item of evidence or legal analysis, which Franck-Teel needed in order to avoid summary dismissal." *Id*.

It is my belief, first, that the *Franck-Teel* motion does, indeed, provide sufficient notice under *DeRushé*. Regarding sufficiency of notice by reasonable particularity, *DeRushé* states the following:

The applicant for post-conviction relief is required to make a prima facie case by presenting admissible evidence on each essential element of his or her claims. *Berg v. State*, 131 Idaho 517, 518-19, 960 P.2d 738, 739-40 (1998); I.C. § 19-4903. If the ground for summary disposition is that assertions by the applicant are not admissible evidence, stating the ground with reasonable particularity requires no more than the level of particularity required to object to the admissibility of that evidence, such as that it is conclusory, hearsay, or lacking foundation. It is rarely necessary to further explain those objections. If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out. For example, claims of ineffective assistance of defense counsel or of prosecutorial misconduct in withholding evidence favorable to the accused both require prejudice to the defendant. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008) (a claim for ineffective assistance of counsel requires a showing "there is a reasonable probability that, but for counsel's errors, the result would have been different"); *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004) (an essential element of a *Brady* violation is that "prejudice must have ensued"). Reasonable particularity only requires pointing out that there is a lack

> of evidence showing prejudice. It does not require explaining what further evidence is necessary, particularly since it may not exist.

*DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. For instance, paragraph 4 of the *Franck-Teel* motion which states: "That the Petitioner fails to present facts adequate to indicate prejudice as a result of deficient conduct of [her] counsel," is precisely what the court in *DeRushé* deemed sufficient when it stated: "Reasonable particularity only requires pointing out that there is a lack of evidence showing prejudice." So, clearly, this Court's decision in *Franck-Teel,* as to the substantive content of the motion necessary to provide sufficient notice, is too exacting in light of *DeRushé*.

As to the majority's requirement that the State's motion and memorandum specifically refer to each and all of the allegations perceivably raised by the application, I again think the majority is too exacting. The Court rejected the categorical reference to the applicant's allegations in the *Franck-Teel* motion and the majority here similarly rejects the State's memorandum which "categorized Kelly's claims." Instead, the majority of this Court requires that the motion and memorandum set out each and all of the applicant's allegations, on an "individualized" basis, and then separately state all grounds for dismissal with particularity as to each. As a practical matter, this requires the State to set out each of the applicant's allegations *as plead*, since the motion cannot refer to the claims by category, e.g., "ineffective assistance of counsel," and paraphrasing the applicant's allegation would only introduce potential confusion. Specific argument as to the grounds for dismissal must, then, immediately follow the recitation to the allegation(s), as the court refuses to apply a generally stated basis for dismissal to any individual claim.[7] Yet, since *DeRushé* does not require adding any specificity to an argument that there is a lack of evidence supporting a claim, I fail to see why that ground for dismissal cannot be generally stated applicable to all claims rather than in an "individualized response" to each and every claim. Once again, in this case, the motion states that, "petitioner has no

---

[7]     As an example, in this case, the application sets forth thirteen individual allegations of conduct constituting ineffective assistance of counsel. The list of issues attached to the affidavit adds five more, and the twenty-nine page brief reveals at least one more such allegation. According to the majority, the motion must provide an "individualized response" to each and all of these nineteen allegations of conduct constituting ineffective assistance of counsel. The majority is unwilling to accept a motion which refers to the applicant's "ineffective assistance of counsel claims" categorically.

evidentiary basis to support his claims." *DeRushé* does not require that the State point out what evidence is lacking. The State's motion seeks dismissal of all claims. Under the circumstances, the applicant should be held to be on notice that each of his individual claims is asserted by the State to lack evidentiary support.[8]

---

[8] I agree with the practical suggestions set forth in the special concurrence.