IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42340

| | | |
|---|---|---|
| GARY W. MALLORY, II, | ) | 2015 Opinion No. 85 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 15, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed in part, vacated in part, and remanded.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Gary Wayne Mallory, II, appeals from the district court's dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm in part, vacate in part, and remand.

## I.

## FACTS AND PROCEDURE

Mallory was found guilty of murder in the first degree (I.C. §§ 18-4001, 18-4002, and 18-4003) and domestic battery (I.C. §§ 18-918(2)(a) and 18-903(a)). On appeal, this Court affirmed Mallory's judgment of conviction in an unpublished opinion. *State v. Mallory*, Docket No. 37774 (Ct. App. Apr. 4, 2012). Mallory filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to fully litigate a motion to suppress and to

1

challenge evidence admitted at trial. In addition, Mallory alleged that the trial court violated his rights to due process and equal protection when it failed to timely rule on his motion to appoint a private investigator.[1] The district court summarily dismissed the evidentiary claim and the due process and equal protection claim. In addition, after a hearing, the district court denied relief on the motion to suppress claim. Mallory appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but

---

[1] Mallory made a number of additional claims, which are not challenged on appeal.

the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

### A.    Ineffective Assistance of Counsel Claims

Mallory alleges that the district court erred in failing to grant relief on two claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

#### 1.    Motion to suppress

Mallory alleges that the district court erred in denying relief on his claim that his trial counsel was ineffective for not timely filing and effectively arguing a motion to suppress a video of Mallory's police interview. In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters

4

solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

On February 10, 2010, the state filed a motion in limine seeking admission of a video recording of Mallory's police interview. On March 4, the day after jury selection, Mallory filed a motion to suppress statements made during the interview, alleging that he requested an attorney during the interview and that the police continued to question him after his request for an attorney was made. Mallory alleges that his counsel was ineffective for failing to timely file the motion to suppress. It is uncontested that Mallory's motion to suppress was untimely. The district court held that Mallory did not meet his burden of proving that he was prejudiced by the untimely motion. Despite the motion being untimely, the trial court did not refuse to consider the motion. To the contrary, the trial court addressed the motion on the merits, ultimately determining that the portion of the video the state intended to introduce did not require suppression. Because Mallory did not show he was prejudiced by the untimely motion, the district court did not err in denying Mallory relief on his petition with regard to the timeliness of the motion to suppress.

In addition, Mallory alleges that his counsel was ineffective for failing to adequately argue the motion to suppress. At the hearing on the motion to suppress, Mallory's counsel noted that the time stamp on the video jumped from 1:01:15 to 1:01:34, leaving a nineteen-second gap in the video recording. Counsel argued that, during the missing nineteen seconds, Mallory requested an attorney and that the officers continued to question him after his request. The state presented testimony from the questioning officer that Mallory did not ask for an attorney during that nineteen-second period. In addition, the state provided testimony from an assistant who was unable to explain the gap in the time stamp but explained that, when there is no movement in the room, the equipment ceases to record. The trial court found that Mallory did not ask for an attorney during the nineteen seconds but asked for an attorney at 1:34:32 o the video. Ultimately, the trial court held that the portion of the video the state sought to introduce was before Mallory's request for an attorney recorded at 1:34:32 of the video and denied the motion to suppress.

In reviewing Mallory's claim that his counsel was ineffective for failing to adequately argue the motion to suppress, the district court held that Mallory did not meet his burden of showing that his trial counsel's performance in arguing the motion was deficient and, therefore, Mallory was not entitled to relief on that claim. The district court explained that Mallory's counsel presented the video to the trial court, argued why it should be suppressed, and the motion was denied. We agree that Mallory has not shown that his counsel's performance was deficient. While Mallory's counsel did not prevail on his argument, Mallory has not shown that his counsel's representation fell below an objective standard of reasonableness. Accordingly, the district court did not err in denying Mallory relief on this claim.

### 2. Evidentiary challenge

Mallory also alleges that the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to fully litigate a challenge to evidence admitted at trial regarding scratches and marks on Mallory's body. At trial, an officer testified that Mallory had scratches on his body, suggesting that Mallory received the scratches while struggling with the victim. Mallory's counsel elicited testimony from the officer that Mallory was in a "scuffle" with several officers during questioning and that the pictures of the scratches on Mallory's body were taken after the scuffle, several hours after the murder occurred. In addition, during closing argument, Mallory's counsel asserted that the scratches were not caused by the victim but were a result of the scuffle with officers in the interview room. Mallory alleges that his counsel was ineffective and suggests a number of different approaches counsel should have employed to dissuade the jury from believing the scratches were inflicted in a struggle with the victim. The constitutional requirement for effective assistance of counsel is not the key to the prison for a defendant who can dredge up a long series of examples of how the case might have been tried better. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). While Mallory's counsel could have tried the case differently, Mallory has not shown that his counsel's representation fell below an objective standard of reasonableness. Therefore, the district court did not err in denying relief on this claim.

## C. Due Process and Equal Protection Claim

Mallory alleges that the district court erred in summarily dismissing his claim that the trial court violated his rights to due process and equal protection when it failed to timely rule on

6

his motion to appoint a private investigator. The trial court granted Mallory's motion approximately six months after it was filed. Mallory alleged that, as a result of the delay in ruling on the motion, potential evidence was lost or changed and potential witnesses' memories of events were lost. Accordingly, Mallory argues that he was prevented from receiving due process of law and a fair and just result in his case. The district court held a hearing on the state's motion to dismiss, after which, it issued a written opinion dismissing the claim because Mallory "failed to raise the claims on direct appeal." However, Mallory was not provided notice that the district court intended to dismiss the claim on that ground, which was different from the ground for dismissal asserted by the state--that Mallory failed to make a factually supported allegation that would meet the requirement of the post-conviction relief statute.

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

If the state files and serves a properly supported motion to dismiss pursuant to Section 19-4906(c), further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). However, if the state's motion fails to give notice of the grounds, the court may grant summary dismissal only if the court first gives the petitioner twenty days' notice of intent to dismiss and the grounds therefore, pursuant to Section 19-4906(b). *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). This procedure is necessary so that the petitioner is afforded an opportunity to respond and to establish a material factual issue. *Id.*

A motion for summary dismissal that does not identify the particular basis for dismissal of the petitioner's claims fails to give notice of any deficiencies in the evidence or additional legal analysis necessary to avoid dismissal of the action. *See Martinez*, 126 Idaho at 818, 892 P.2d at 493. In such a situation, the court's summary dismissal of the petition is, in effect, a sua sponte dismissal on grounds advanced by the court, and it is obliged to comply with the

7

twenty-day notice requirement in Section 19-4906(b) before dismissing the post-conviction action. *Id.* Failure to provide notice requires that a judgment denying a petition for post-conviction relief be vacated. *Peltier v. State*, 119 Idaho 454, 456-57, 808 P.2d 373, 375-76 (1991).

At no time did the state argue that Mallory's claim should be summarily dismissed because the claim should have been raised on direct appeal. Nor did the district court provide notice of its intent to dismiss Mallory's claim because it should have been raised on direct appeal. Accordingly, Mallory was not provided notice and an opportunity to respond to the grounds for dismissing his claim, as required by I.C. § 19-4906.[2] Thus, the district court erred in summarily dismissing Mallory's claim that his due process and equal protection rights were violated by the district court's delay in ruling on his motion to appoint a private investigator. Accordingly, we vacate and remand on this issue.

## IV.

## CONCLUSION

Mallory has failed to show that the district court erred in denying relief on his ineffective assistance of trial counsel claims. However, Mallory has shown that the district court erred in summarily dismissing his due process and equal protection claim without providing proper notice. Therefore, we affirm the district court's judgement as it pertains to the ineffective assistance of counsel claims and vacate and remand on the due process and equal protection claim. No costs or attorney fees are awarded on appeal.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[2]     Idaho Code Section 19-4906 provides, in pertinent part:

> (b)     When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .
>
> (c)     The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.