# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44993

| | |
|---|---|
| JOSHUA THOMAS BENNETT, | ) |
| | ) Filed: July 27, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed in part, vacated in part, and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Joshua Thomas Bennett appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Bennett contends that the district court improperly dismissed one of his claims without providing any notice of the grounds for dismissal. For the reasons set forth below, we affirm in part, vacate in part, and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bennett was found guilty of delivery of a controlled substance following a jury trial. Bennett filed a direct appeal from the judgment of conviction where he argued that the district court improperly limited his cross-examination of the confidential informant to whom Bennett allegedly delivered drugs. This Court, in an unpublished opinion, affirmed Bennett's judgment

1

of conviction. *State v. Bennett*, Docket 41355 (Ct. App. Mar. 3, 2015). Bennett filed a petition for post-conviction relief, asserting two claims: (1) the district court violated his rights under the Sixth Amendment's Confrontation Clause when it refused to allow him to confront his accuser and sustained the State's objection during cross-examination and (2) ineffective assistance of counsel. The district court appointed counsel to represent Bennett.

The State filed a motion for summary dismissal. In its motion, the State noted both of Bennett's claims, but asserted that, when "synthesized," it appeared Bennett was asserting two ineffective assistance of counsel claims. The State argued that Bennett's petition should be dismissed because his claims were unsupported, "inadmissible," and conclusory. At the hearing on the State's motion, the prosecutor also argued that Bennett failed to support his ineffective assistance of counsel claims with "sufficient" evidence. At the conclusion of the hearing, the district court granted the State's motion after concluding there was "no real evidence that there was a violation of the standard applicable to an attorney representing Mr. Bennett and whether any such violation had an effect on the ultimate outcome of the case, which are the *Strickland*[1] standards." The district court subsequently entered a written order of dismissal and a judgment dismissing Bennett's petition. Bennett appeals.

## II.
## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.
## ANALYSIS

Bennett asserts that, because the State's motion did not address his Confrontation Clause claim with particularity, the district court improperly dismissed the claim without providing any

---

[1]     *See Strickland v. Washington*, 466 U.S. 668 (1984).

2

notice of the grounds for dismissal. The State contends that the district court dismissed the entirety of the petition, which would include the Confrontation Clause claim, on the grounds set forth in the State's motion--the petition was not supported by sufficient evidence. Because the State's motion only requested dismissal of Bennett's "synthesized" ineffective assistance of counsel claims, and the district court only dismissed those claims based on Bennett's failure to present evidence under *Strickland v. Washington*, 466 U.S. 668 (1984), Bennett's Confrontation Clause claim was dismissed without the notice required by I.C. § 19-4906.

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss a petitioner's post-conviction claim if the court provides the petitioner with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the petitioner to respond. Under I.C. § 19-4906(c), the district court may also dismiss a petitioner's post-conviction claims on the State's motion. If the State files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the motion itself serves as notice that summary dismissal is being sought. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).

Idaho Rule of Civil Procedure 7(b)(1) requires that the grounds of a motion be stated with particularity. *See DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009) (reiterating the requirement of reasonable particularity in post-conviction cases). If the State's motion fails to give such notice of the grounds for dismissal, the court may grant summary dismissal only if the court first gives the petitioner the requisite twenty-day notice of intent to dismiss and the grounds therefore pursuant to I.C. § 19-4906(b). *See Saykhamchone*, 127 Idaho at 322, 900 P.2d at 798. Similarly, where the State has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the State's motion, it does so on its own initiative and the court must provide the twenty-day notice. *Id.* If the district court dismisses on grounds not contained in the State's motion, the petitioner has no opportunity to respond and attempt to establish a material issue of fact. *Baxter v. State*, 149 Idaho 859, 865, 243 P.3d 675, 681 (Ct. App. 2010).

Bennett alleged two claims in his petition for post-conviction relief: (1) that the district court violated his Sixth Amendment Confrontation Clause rights when it refused to allow him to confront his accuser and sustained the State's objection during cross-examination and (2) ineffective assistance of counsel. In its motion for summary dismissal, although the State noted Bennett alleged a substantive Sixth Amendment Confrontation Clause claim, it ignored that claim and instead "synthesized" Bennett's allegations into two ineffective assistance of counsel claims--one related to counsel's failure to communicate a plea offer and the other related to counsel's performance at trial. At the conclusion of the hearing on the State's motion for summary dismissal, the district court granted the State's motion based on Bennett's failure to present evidence that counsel was ineffective.[2] Thus, although Bennett raised a Confrontation Clause claim in his petition, neither the State's motion nor the district court provided a reason for dismissing the claim.[3] Failure to provide notice requires that a judgment denying a petition for post-conviction relief be vacated. *Mallory v. State*, 159 Idaho 715, 721, 366 P.3d 637, 643 (Ct. App. 2015).

The State asserts that, although its motion "did not specifically articulate the 'Confrontation Clause' claim," because the conclusion of the State's motion asserted that dismissal was appropriate as Bennett's "statements are unsupported, inadmissible, and conclusory" and because the district court stated there was no evidence to support Bennett's claims, no additional notice was required. The State also asserts that Bennett cannot challenge the adequacy of the notice for the first time on appeal. Both of the State's arguments fail. Bennett is not challenging the adequacy of the notice for the first time on appeal, he is challenging the lack of notice. As noted, a claim may not be summarily dismissed absent notice of the grounds for dismissal. The State's argument that the notice requirement was satisfied by the language in the conclusion of its motion for summary dismissal ignores the substance of the motion, which the State acknowledges did not address Bennett's Confrontation Clause claim. In

---

[2] Bennett does not challenge the district court's dismissal of his ineffective assistance of counsel claims.

[3] It appears that Bennett's Confrontation Clause claim is similar to, if not the same as, the claim Bennett raised on direct appeal. Although potentially applicable, neither the State nor the district court cited I.C. § 19-4908 as a basis for dismissal.

fact, the State's motion expressly characterized Bennett's petition as raising two ineffective assistance of counsel claims and then argued grounds for dismissing only those claims. The district court's comments at the summary dismissal hearing regarding the absence of evidence also cannot be read as addressing Bennett's Confrontation Clause claim because the preceding context for the district court's comments related to Bennett's *Strickland* claims. The district court's dismissal of Bennett's Confrontation Clause claim only occurred as a consequence of its dismissal of Bennett's petition in its entirety and without the benefit of prior notice of the reasons for dismissal.

The State alternatively argues that this Court may affirm the summary dismissal of Bennett's Confrontation Clause claim even if Bennett did not receive notice of the reasons for dismissal "because the record shows the decision was correct on the merits." The State relies on *Ridgley v. State*, 148 Idaho 671, 227 P.3d 925 (2010) to support this argument. In *Ridgley*, the Idaho Supreme Court held that the district court failed to give the petitioner "appropriate notice" of its intention to dismiss several claims on the basis of res judicata. *Id.* at 676, 227 P.3d at 930. Rather, the district court's notice stated its intent to dismiss on the grounds that Ridgley had presented no evidence supporting the claims. *Id.* Nevertheless, the Court held that the lack of notice of the reason for dismissal did not automatically require reversal because the Court could affirm on the correct theory since the appellate court employs the same standards as the trial court when deciding whether a petitioner failed to provide admissible evidence to support his claims. *Id.* The Court then analyzed the petitioner's claims to determine whether they were supported by admissible evidence, concluded they were not, and affirmed the summary dismissal on that basis. *Id.* at 676-77, 227 P.3d at 930-31.

The black letter law in *Ridgley* cited by the State supports the State's position that this Court can affirm summary dismissal by reviewing a petition de novo to determine whether the petitioner has alleged a genuine issue of material fact. However, the facts of *Ridgley* reveal that the Court affirmed the summary dismissal on grounds for which the petitioner received notice even though the district court dismissed the claims on grounds not included in the notice. Thus, the Court's application of the law in *Ridgley* was consistent with the notice requirements set forth in I.C. § 19-4906, which have been regularly enforced on appeal. *See Caldwell v. State*,

5

159 Idaho 233, 238-39, 358 P.3d 794, 799-800 (Ct. App. 2015) (distinguishing *Ridgley* and reiterating statutory notice requirements).

It is undisputed that Bennett was entitled to adequate notice of the grounds upon which dismissal was sought. *See Takhsilov v. State*, 161 Idaho 669, 673, 389 P.3d 955, 959 (2016). Because Bennett received no notice of the reasons for dismissal of his Confrontation Clause claim, the district court erred in summarily dismissing that claim.

## IV.

## CONCLUSION

Because the State failed to articulate grounds for dismissing Bennett's Confrontation Clause claim in its motion for summary dismissal and the district court subsequently failed to provide Bennett with notice of the grounds for dismissal, the district court erred when it summarily dismissed Bennett's Confrontation Clause claim. Bennett does not challenge the district court's dismissal of his ineffective assistance of counsel claims. Therefore, we affirm the district court's judgment summarily dismissing Bennett's petition for post-conviction relief as it pertains to the ineffective assistance of counsel claims and vacate and remand on the Confrontation Clause claim.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.